UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) [ONLY FOR CHAPTER 13 CASES]
) DEBTOR'S ATTORNEY'S DISCLOSURE
) OF COMPENSATION AND ANY
) EMPLOYMENT AGREEMENT, AND
) APPLICATION FOR COMPENSATION,
Debtor(s) ) UNDER 11 USC §329 AND FRBP 2016(b)

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☐ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

**SCHEDULE 1:** The total fee request is $_____ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $_____ ($4,750 maximum) and expenses of $_____ for a total of $_____. ☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

**SCHEDULE 2**: Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:
(a) a flat fee (i.e., requiring no itemization) of $_____ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

(b) an estimated total fee of $_____ and expenses of $_____. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered must be filed with the court not less than one week prior to the final confirmation hearing.

☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

**SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.]  Debtor and debtor's attorney have agreed to fee arrangements as follows:

    Debtor    (specify) _____ has paid $_____, leaving $ _____ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected; (b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details):

I further certify that on _____ a copy of this document was served on the debtor(s) and trustee.

DATED:_____

                                                                     Debtor's Attorney

# LAWYER-CLIENT FEE AGREEMENT
(Chapter 13)

CLIENT:      Debra A. Crawford

LAWYER:   TROUTMAN LAW FIRM, PC

FEE:         (1)    $**N/A** for basic services rendered through the date of the confirmation of the Plan.*

$**N/A**  for court Filing Fee.

$**N/A**  for Credit Counseling Fee.

$**N/A**  Total (only if extraordinary services are not needed).

OR

  X    (2)    Hourly at the rate of $440.00 per hour for attorney's time and $200.00 per hour for paralegal's time, plus costs.  The attorney rate may increase $25.00 per hour on each January 1.
**Estimated fee for this case $10,000.00**

**$310.00 for Court Filing fee paid**
**$4,000.00 paid to Attorney, remaining balance to be paid through plan**

*Scope of Representation:*  Client retains Lawyer to perform the "Basic Services" defined below and, if necessary, to perform "Extraordinary Services" defined below.

"Basic Services" are services necessary to prepare and file Client's petition for relief under Chapter 13 of the Bankruptcy Code; legal advice respecting the bankruptcy filing; preparing Client's schedules and initial plan; appearing with Client at the 341(a) hearing; appearing at uncontested confirmation hearing; and preparing wage order and confirmation order.

*If the "Basic Services" on an hourly basis are less than the amount shown above, you will only be charged the hourly amount. If the "Basic Services" plus "Extraordinary Services" on an hourly basis are greater than the amounts shown above, you will be charged the total hourly amount.

"Extraordinary Services" are all services if your case is hourly or, if you are paying on a flat-fee basis, (1) any services rendered after the Court has approved the Chapter 13 Plan (Post-confirmation) and (2) services rendered pre-confirmation dealing with non-routine matters, including but not limited to contested matters or adversary proceedings in Bankruptcy Court, such as:
(a) Objections to confirmation;
(b) Amendments to schedules (if you are paying on a flat-fee basis, the fee for Amendments concerning fewer than five creditors is $126.00 inclusive of a court filing fee of $30.00; otherwise done hourly);

    (c)    Amended Plan filed pre-confirmation;
    (d)    Amended Plan filed post-confirmation;
    (e)    Wage order transfers post-confirmation;
    (f)    Motions in State or Bankruptcy Court to avoid or discharge judgments from the record;
    (g)    Extraordinary litigation (including conferences or negotiations with litigants or their lawyers) in the Bankruptcy Court such as:
    (i)    Motions for relief from stay;
    (ii)    Lawsuits (complaints) to challenge discharge or dischargeability of specific debts,
    (iii)    Motions for sale of property or of use of cash collateral.

Please note that you may not have the option to appear without a lawyer for the extraordinary matters, even if you so desire, unless the Bankruptcy Judge permits Lawyer's resignation. The Bankruptcy court has ruled that unless it permits a lawyer's resignation the lawyer must continue representation and be reasonably compensated for services rendered costs incurred.

*Fees for "Hourly Extraordinary Services."* Client agrees to pay for Extraordinary Services: on an hourly basis as follows:

    Ted A. Troutman    $440.00 per hour
    Phillip R. Muir    $440.00 per hour
    Paralegal    $200.00 per hour

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law and may increase from time to time. The minimum charge for preparing any document is 0.25 hours.

*Reimbursement of Lawyer's Costs.* Client agrees to pay all of Lawyer's costs incurred in representing Client related to extraordinary services. Examples of such costs include filing fees, court reporter fees, long-distance telephone, photocopies (whether made in Lawyer's office or by an outside printing service), and facsimiles.

*Monthly Statements.* You will be provided with periodic statements as Lawyer requests the Court's approval of fees.

*Client's duty to Cooperate.* Client agrees to cooperate with Lawyer to complete all forms requested by Lawyer and to provide Lawyer with all information necessary to enable Lawyer to represent Client's best interest. If Client unreasonably declines to cooperate, or knowingly provides Lawyer with false or fraudulent information, or testifies untruthfully in any matter before the Court, Client agrees that Lawyer has the right to immediately resign.

*Breach of Agreement/Attorney Fees for Prevailing Party.* If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable attorney fees, before trial, at trial, or on appeal, as determined by the Court, will be borne by the losing party.

*Representation Limited to Bankruptcy Court.* Lawyer does not agree to represent Client in any action except in the Bankruptcy Court, unless otherwise acknowledged in writing signed by Lawyer.

*Security Agreement.* Client grants lawyer a security interest in the funds held by the Trustee. Client agrees that these funds will be returned to lawyer and lawyer has authority to endorse the check in clients name and deduct all fees and costs owed to lawyer before returning the balance to client. Lawyer is authorized to file a UCC-1 with the State of Oregon noticing a security interest in these funds.

**LAWYER DOES NOT UNDERTAKE TO GIVE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT HIS/HER OWN ACCOUNTANT OR COMPETENT TAX COUNSEL WITH RESPECT TO ALL TAX ISSUES.**

Dated: <u>April 22, 2015</u>

<u>/s/ Ted A. Troutman</u>                       <u>/s/ Debra A. Crawford</u>
Attorney for Debtor(s)                           Debra A. Crawford