UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
 )
 ) NOTICE OF HEARING ON
 ) (Check **ONE**)
 )    Motion to Extend/Impose Stay Per §362(c)
 )    Debtor's Motion to Impose Stay Per §362(n)
 )
Debtor(s) )

YOU ARE NOTIFIED that the attached Motion was filed by: _____.

The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____
_____.

(If debtor is the moving party) The debtor's address and Taxpayer ID#(s) (last 4 digits) are: _____
_____.

**Notice is given that**:

A **Telephone Hearing** on the Motion, at which testimony will be taken if offered and admissible, will be held as follows:

  **Date**:

  **Time:**

  **Call In Number:**    (888) 684-8852

  **Access Code:**    3702597

The moving party must be present at the hearing.

**TELEPHONE HEARING REQUIREMENTS**

1. You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you. If you have problems connecting, call the court at (503) 326-1500 or (541) 431-4000.

2. You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3. Please mute your phone when you are not speaking.  If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak.  Do not put the court on hold if it will result in music or other noise.  If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4. When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality.  Position the telephone to minimize paper rustling.  Do not use a keyboard or talk with others in the room.  Be aware that telephone hearings may be amplified throughout the courtroom.

5. Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6. Whenever speaking, first identify yourself.

7. Be on time.  The judge may handle late calls the same as a late appearance in the courtroom.

_____
Signature

I certify that on _____ I served copies of this Notice and the Motion on the debtor(s), all creditors, all parties requesting special notice, any Creditors' Committee Chairperson, and their respective attorneys.

_____
Signature & Relation to Moving Party

721.5 (7/18/13)

Troutman Law Firm, PC
Ted A. Troutman, OSB #844470
*5075 SW Griffith Dr., Ste 220*
*Beaverton, Oregon 97005*
*Tel (503) 292-6788*
Fax (503) 596-2371

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| In re ) | |
| ) | Case No. **15-31963-pcm13** |
| **Crawford, Debra A.** ) | |
| ) | MOTION TO EXTEND |
| ) | AUTOMATIC STAY |
| Debtor(s) ) | |
| ) | |
| ) | |

Pursuant to 11 USC § 362 (c), debtor moves the court for an order extending the automatic stay beyond 30 days as to all creditors. Debtor's motion is supported by the following:

a)  Debtor's prior bankruptcy case, 14-32580-tmb13, was filed on May 2, 2014. The case was then dismissed on February 12, 2015, on debtor's motion to dismiss.

b)  Debtor's current case was filed in good faith to enable her to obtain relief under Chapter 13 of the bankruptcy. Debtor wishes to remain in her new case to pay the best interest of creditors amount and to pay her priority tax debts.

c)  There is not a presumption that the case was not filed in good faith pursuant to 11 USC § 362(c)(3)(C)(i).

Page 1 of 2         **Motion to Extend Automatic Stay**
                    **15-31963-pcm13**

    d)    Debtor has had a change in circumstance since her last case. In her previous case debtor assumed six (6) store lease locations at which she intended to operate her business. Debtor has now sold two (2) of those locations at Newberg and McMinnville and will be shutting down one (1) or possibly two (2) more locations. Debtor feels this will allow her to cash-flow the Chapter 13 Plan, where she was unable to do so in her previous case.

    e)    Debtor requests the automatic stay be extended so she can pay through her Plan secured creditors, pay the best interest of creditors amount, pay her priority taxes and stay in business employing approximately 13 - 15 employees. It is critical to debtor's success that she be allowed to complete her new case without creditor collection efforts disrupting her ability to pay into her new Chapter 13 Plan.

SO MOVED AND PRESENTED BY:

/s/ Ted A. Troutman   OSB# 844470
Ted A. Troutman,
Attorney for Debtor(s)