1  Jason M. Ayres, OSB #001966
   Farleigh Wada Witt
2  121 SW Morrison Street, Suite 600
   Portland, Oregon 97204-3136
3  Telephone: (503) 228-6044

4      Attorneys for Summit Leasing, Inc.

5

6

7

8                IN THE UNITED STATES BANKRUPTCY COURT

9                    FOR THE DISTRICT OF OREGON

10  In re                              Case No. 15-31963-pcm13

11  Debra A. Crawford,

12                        Debtor.       OBJECTION BY SUMMIT LEASING, INC.
                                        TO DEBTOR'S MOTION TO EXTEND
13                                      AUTOMATIC STAY

14

15          Summit Leasing, Inc. ("Summit Leasing") hereby objects to the Debtor's Motion

16  to Extend the Automatic Stay [Doc 16].  Contrary to representations set forth in the Debtor's

17  Motion, the Debtor has not acted in good faith and should not receive the benefit of further

18  protection pursuant to 11 U.S.C. § 362.  This Objection is supported by the Declaration of Ken

19  Mears ("Mears Dec."), the pleadings and records in this proceeding, the pleadings and records in

20  the Debtor's prior bankruptcy Case No. 14-32580-tmb13, and the points and authorities below.

21                          **BACKGROUND FACTS**

22          On or about February 15, 2012, the Debtor and The Ultimate Tan & Med Spa,

23  LLC, as co-borrowers, entered into an Equipment Finance Agreement with Summit Leasing for

24  the finance and purchase of specific Tanning Bed Equipment (the "Equipment").  The Ultimate

25  Tan & Med Spa, LLC previously operated 7 tanning and medical spa treatments locations across

26  the Portland area.  On or about April 24, 2014, and approximately one week prior to the filing of

                                              *FARLEIGH WADA WITT*
                                                 Attorneys at Law
                                          121 SW Morrison Street, Suite 600
                                             Portland, Oregon 97204-3136
                                              Telephone: (503) 228-6044
                                              Facsimile: (503) 228-1741

1    the Debtor's prior bankruptcy case on May 2, 2014, the Debtor personally and on behalf of The

2    Ultimate Tan & Med Spa, LLC executed an Assignment and Assumption Agreement under

3    which the Debtor obtained all of the assets of The Ultimate Tan & Med Spa, LLC, including its

4    50% interest in the Equipment, and assumed its debts and liabilities without any additional

5    consideration being provided.

6            Despite allegedly transferring to herself the corporate assets of The Ultimate Tan

7    & Med Spa, LLC and allegedly assuming its liabilities, the Debtor did not value the business as a

8    whole or the separate business locations on her schedules for her prior bankruptcy.  Specifically,

9    the Debtor failed to provide: the value of the good will of the business and/or each location, the

10   value of any outstanding accounts receivable for the business, customer lists for the business

11   and/or each location, website value or any other business valuation.  The Debtor simply listed

12   business equipment and the value of her interest in The Ultimate Tan & Med Spa as $0.00.

13           During the prior bankruptcy, Summit Leasing inspected and appraised the

14   Equipment.  During the inspection, Summit Leasing discovered that several pieces of Equipment

15   were missing from the Debtor's business locations.  Summit Leasing requested information on

16   the location and status of the missing Equipment and was finally informed by the Debtor's

17   attorney in mid-August of 2014 that the missing Equipment was sold and transferred to a third

18   party which took over the Debtor's St. Helens business location.  Summit Leasing did not

19   approve the sale or receive any proceeds of sale for the Equipment.  Likewise, Summit Leasing

20   did not release its security interest in the Equipment.  The Debtor did not list the sale or transfer

21   on her Statement of Financial Affairs or any information on the buyer or the amounts received

22   from the sale.  In mid-September of 2014 in the course of objecting to confirmation of the

23   Debtor's plan, Summit Leasing was informed that the St. Helens location was taken over by the

24   Debtor's sister-in-law Rachel Jones Nass with the only "consideration" for the sale being Ms.

25   Nass' assumption of the business lease.  Consequently, the transfer of the St. Helens business

26   location, including Summit Leasing's missing Equipment, was made for no value (certainly

OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND
            AUTOMATIC STAY
            P:\DOCS\SUMLI\07487\DOC\3LY0837.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1 significantly less than reasonably equivalent value) and made to an insider of the Debtor with the

2 transfer concealed and not disclosed on the Debtor's Statement of Financial Affairs in her prior

3 bankruptcy.

4         On September 22, 2014, Summit Leasing filed an adversary proceeding against

5 the Debtor, The Ultimate Tan & Med Spa, LLC and Rachel Jones Nass for fraudulent transfers,

6 Adv. Proc. No. 14−03219−tmb.  Summit Leasing's claims were based on the transfer of the St.

7 Helens business location to Rachel Jones Nass for no value and the transfer of the assets of The

8 Ultimate Tan & Med Spa, LLC to the Debtor immediately prior to the petition date for less than

9 equivalent value and in an attempt to hinder, delay and defraud creditors of the Debtor.  On

10 October 24, 2015, the court entered a Stipulated Judgment pursuant to which the Debtor

11 stipulated to a Judgment of $31,000 which was deemed a nondischargeable debt pursuant to 11

12 U.S.C. §§ 523(a)(2)(A), and 523(a)(6).  The Debtor further stipulated and agreed that the

13 Judgment would be entitled to collateral estoppel effect in any subsequent bankruptcy case filed

14 by or against the Debtor.  Summit Leasing agreed to dismiss The Ultimate Tan & Med Spa, LLC

15 and Rachel Jones Nass without prejudice based on the Debtor's agreement to repay the Judgment

16 and the Debtor's agreement to provide specific treatment of Summit Leasing's claim and

17 remaining Equipment in her chapter 13 plan.

18         The Debtor's Chapter 13 plan was confirmed in her prior bankruptcy on

19 November 13, 2014.  On January 6, 2015, the Chapter 13 Trustee filed a motion to dismiss for

20 failure to make plan payments.  As set forth in the Chapter 13 Trustee's motion to dismiss, the

21 Debtor's last plan payment was made on October 23, 2014.  On February 12, 2015, the Debtor

22 filed her own motion to dismiss which was granted by the court on the same date.

23         After the Debtor's prior bankruptcy was dismissed, Summit Leasing attempted to

24 discuss payments and a potential modification with the Debtor.  However, the Debtor would not

25 commit to a payment plan.  On April 3, 2015, Summit Leasing issued a demand for payment in

26 full of the outstanding balance due under the Equipment Finance Agreement and for return of the

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Equipment.

2           On April 22, 2015, the Debtor filed this Chapter 13 Bankruptcy Case.  As of the

3 Petition Date, Summit Leasing was owed a total sum of $173,673.82.  On May 1, 2015, the

4 Debtor filed her Motion to Extend Automatic Stay.  In her motion, the Debtor disclosed for the

5 first time that she sold her Newberg and McMinnville locations after her prior bankruptcy case

6 was dismissed.  Summit Leasing also had no prior notice of these sales, did not consent to the

7 sales and did not release its security interest in the transferred Equipment.  Summit Leasing's

8 appraisal from the prior bankruptcy confirmed that nine (9) pieces of Equipment were located at

9 the two locations with a total value in excess of $30,000.  Summit Leasing requested information

10 from the Debtor on the two sales including copies of sale agreements, information on the buyers

11 and the sale prices; however, the Debtor has not provided any information related to either sale.

12 Likewise, the Debtor did not list either sale in her Statement of Financial Affairs.

13           The Debtor also represents in her Motion to Extend Automatic Stay that she will

14 close one or two additional business locations.  Despite requesting more information from the

15 Debtor, she has not indicated which locations she intends to close or her intended disposition of

16 the Equipment at these locations.  The Debtor has not offered or proposed to surrender any

17 additional Equipment which Summit Leasing has not already repossessed.

18           The Debtor's schedules filed on May 6, 2015 do not value the business as a whole

19 or the separate business locations.  As she failed to do in her prior bankruptcy, the Debtor fails to

20 list the value of the good will of the business and/or each location, the value of any outstanding

21 accounts receivable for the business, customer lists for the business and/or each location, website

22 value or any other business valuation.  The Debtor again simply lists business equipment and the

23 value of her interest in The Ultimate Tan & Med Spa as $0.00.

24                              **LEGAL ANALYSIS**

25           Pursuant to 11 U.S.C. § 362(c)(3) and based on the dismissal of the Debtor's prior

26 bankruptcy within the preceding year, the automatic stay will terminate with respect to the

     OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND
AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3LY0837.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1     Debtor after thirty (30) days of the petition date unless the Debtor "demonstrates that the filing of

2     the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B). In

3     addition, a case is presumptively filed not in good faith if the standards set forth in 11 U.S.C. §

4     362(c)(3)(C) are met. The Debtor represents in her Motion that the case was filed in good faith

5     and that there is not a presumption that her case was not filed in good faith. The Debtor is

6     incorrect. As discussed below, the Debtor's case was presumptively <u>not</u> filed in good faith and

7     as a result, she can only rebut the presumption by clear and convincing evidence. 11 U.S.C. §

8     362(c)(3)(C). In addition, the Debtor did not act in good faith pre-petition or when failing to

9     disclose assets and financial transactions in her schedules.

10        The Debtor's case was not presumptively filed in good faith pursuant to 11 U.S.C.

11     § 362(c)(3)(C)(i)(II)(cc) and (C)(i)(III). Under § 362(c)(3)(C)(i)(II)(cc), the presumption exists

12     if the previous case filed within the preceding year was dismissed after the Debtor failed to

13     perform the terms of a plan confirmed by the court. Although the Debtor filed her own voluntary

14     dismissal, she only did so after the Chapter 13 Trustee filed a motion to dismiss for failure to

15     make plan payments. In fact, not only did the Debtor fail to comply with the terms of the plan,

16     she failed to make a single payment after her plan was confirmed. This was especially

17     prejudicial to Summit Leasing which invested significant efforts into negotiating acceptable plan

18     terms in an attempt to settle bad faith and fraudulent transfer claims. During this time, the

19     Debtor profited from the continued use of Summit Leasing's collateral while the Equipment

20     continued to depreciate. In doing so, the Debtor did not make any good faith attempts to repay

21     her debt or to adequately protect secured creditors.

22        The presumption also exists under § 362(c)(3)(C)(i)(III) because there has not

23     been a substantial change in the financial or personal affairs of the Debtor since the dismissal of

24     the prior case or a reason to conclude that this case will be concluded with a confirmed plan.

25     The Debtor attempts to rebut the presumption by explaining that she sold two locations and

26     intends to close one or two more locations allowing her to free up cash-flow for a chapter 13

OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND
AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3LY0837.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  plan.  However, the Debtor's statements provide additional evidence of her bad faith.  As
2  explained above, the Debtor sold the two locations, along with Summit Leasing's Equipment,
3  without notice to or consent from Summit Leasing.  The Debtor did so after stipulating to non-
4  dischargeable fraudulent transfer claims in her prior bankruptcy due to the transfer of an
5  additional location.  The only information provided on the sales is what the Debtor states in her
6  Motion – simply that the locations were "sold".  She did not list either sale, which apparently
7  occurred in the last three months, in her Statement of Financial Affairs and she did not provide
8  any information on the sale terms, purchaser or exactly what happened to Summit Leasing's
9  Equipment.  Therefore, Summit Leasing does not have any information on the condition or use
10  of the transferred Equipment, whether the Equipment is insured and whether the Equipment can
11  be recovered from these third parties.  The Debtor is not acting in good faith and she has not
12  been transparent to the court or her creditors.

13          The Debtor acknowledged prior fraudulent transfers and failed to accurately
14  disclose assets, transfers and sales in her prior bankruptcy.  In filing this second case within a
15  one year period of time, the Debtor has continued to act in bad faith by failing to make sufficient
16  disclosures.  The only difference is that she sold two locations prior to this bankruptcy instead of
17  one.  The Debtor should not benefit from an extension of the automatic stay while failing to
18  disclose the sale of business locations in her schedules, the consideration received from the sales
19  or information on the actual values of her remaining business locations.  The Debtor either
20  converted Summit Leasing's collateral or committed additional fraudulent transfers in
21  selling/transferring the Equipment with the two locations.  Since she has refused to provide any
22  information on the sales, Summit Leasing is unable to determine the extent of her bad faith at
23  this time.

24          Both objective and subjective inquiries are involved in determining whether a
25  case has been filed in good faith.  Factors to be considered include the nature and potential
26  nondischargeability of scheduled debts; the timing of the case filing; the circumstances of how

OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND
AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3LY0837.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1 particular debts were incurred; the debtor's motive for filing; how the debtor's actions affected

2 creditors; the debtor's treatment of creditors before and after filing; and whether the debtor has

3 been forthcoming with the court and creditors. *In re Youngblood*, 13-71071, 2013 WL 5592904

4 (Bankr. C.D. Ill. Oct. 10, 2013); *In re Sidebottom*, 430 F.3d 893, 899 (7th Cir. 2005). In

5 addition, "[t]he Bankruptcy Code requires that a debtor file necessary declarations adequately,

6 honestly, and in good faith." *In re Kane*, 628 F.3d 631, 636 (3rd Cir.2010) (citing 11 U.S.C. §

7 521(a)(1); Fed. R. Bankr.P. 9011(b)). "Because full disclosure by debtors is essential to the

8 proper functioning of the bankruptcy system, the Bankruptcy Code severely penalizes debtors

9 who fail to disclose assets." *Chartschlaa v. Nationwide Mut. Ins. Co*., 538 F.3d 116, 122 (2nd

10 Cir.2008); *In re Loeffler*, No. 10-39898 HRT, 2011 WL 6736066 (Bankr. D. Colo. Dec. 21,

11 2011).

12      The factors present in this case compel a finding of bad faith. The Debtor is

13 already liable to Summit Leasing for a non-dischargeable fraudulent transfer. She may be liable

14 for additional non-dischargeable claims based on her most recent non-disclosed sales of business

15 locations. Furthermore, the Debtor's actions have been extremely prejudicial to creditors

16 including Summit Leasing. She used the bankruptcy system to avoid paying secured debts while

17 using depreciating collateral to generate income. Prior to both bankruptcies, the Debtor sold and

18 transferred Summit Leasing's collateral for her personal benefit. Her actions in this second case

19 are even more egregious based on the fact that Summit Leasing vehemently objected to the same

20 type of actions taken in relation to her prior case. The Debtor simply disregarded Summit

21 Leasing's rights as a secured creditor and continues to act in her own personal interest to the

22 detriment of creditors. Last, the Debtor has not been transparent in her schedules or with her

23 financial affairs in either her prior bankruptcy or the current case. There is simply no

24 justification for the Debtor to be afforded further protection from the automatic stay when she

25 has not disclosed information on assets, significant transfers of two of her businesses (including

26 a secured creditor's collateral) and consideration received from the sale of the two locations.

OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND
AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3LY0837.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**<u>CONCLUSION</u>**

The Debtor's case was presumptively not filed in good faith. The Debtor may only rebut this presumption by providing clear and convincing evidence to the contrary. Based on the Debtor's acts and her failure to accurately disclose her financial situation in her schedules, the court should find that the case was not filed in good faith and should additionally deny an extension of the automatic stay.

Dated: May 11, 2015

FARLEIGH WADA WITT

By:/s / Jason M. Ayres
Jason M. Ayres, OSB #001966
(503) 228-6044
jayres@fwwlaw.com
Of Attorneys for Summit Leasing, Inc.

OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3LY0837.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1 Jason M. Ayres, OSB #001966
Farleigh Wada Witt
2 121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
3 Telephone: (503) 228-6044

4      Attorneys for Summit Leasing, Inc.

5

6

7

8         IN THE UNITED STATES BANKRUPTCY COURT

9            FOR THE DISTRICT OF OREGON

| | |
|---|---|
| 10 In re | Case No. 15-31963-pcm13 |
| 11 Debra A. Crawford, | |
| 12           Debtor. | DECLARATION OF KEN MEARS IN SUPPORT OF OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY |
| 13 | |

14

15      I, Ken Mears, hereby make this declaration, and declare under penalty of perjury

16 as follows:

17      1.      I am the Accounts Receivable Officer for Summit Leasing, Inc. ("Summit

18 Leasing"). As such, I have control, custody and knowledge of the Summit Leasing's files, which

19 are kept in the regular course of business, including the file containing account records of Debra

20 A. Crawford (the "Debtor") and The Ultimate Tan & Med Spa, LLC. I make this Declaration

21 based on personal knowledge of the matters set forth herein.

22      2.      On or about February 15, 2012, the Debtor and The Ultimate Tan & Med Spa,

23 LLC, as co-borrowers, entered into an Equipment Finance Agreement with Summit Leasing for

24 the finance and purchase of specific Tanning Bed Equipment (the "Equipment"). The Ultimate

25 Tan & Med Spa, LLC previously operated 7 tanning and medical spa treatments locations across

26 the Portland area.

DECLARATION OF KEN MEARS IN SUPPORT OF OBJECTION BY SUMMIT
LEASING, INC. TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3LY1196.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

3.     On or about April 24, 2014, and approximately one week prior to the filing of the Debtor's prior bankruptcy case on May 2, 2014, the Debtor personally and on behalf of The Ultimate Tan & Med Spa, LLC executed an Assignment and Assumption Agreement under which the Debtor obtained all of the assets of The Ultimate Tan & Med Spa, LLC, including its 50% interest in the Equipment, and assumed its debts and liabilities without any additional consideration being provided.

4.     The Debtor did not value the business as a whole or the separate business locations on her schedules for her prior bankruptcy. Specifically, the Debtor failed to provide: the value of the good will of the business and/or each location, the value of any outstanding accounts receivable for the business, customer lists for the business and/or each location, website value or any other business valuation. The Debtor simply listed business equipment and the value of her interest in The Ultimate Tan & Med Spa as $0.00.

5.     During the prior bankruptcy, Summit Leasing inspected and appraised the Equipment. During the inspection, Summit Leasing discovered that several pieces of Equipment were missing from the Debtor's business locations. Summit Leasing requested information on the location and status of the missing Equipment and was finally informed by the Debtor's attorney in mid-August of 2014 that the missing Equipment was sold and transferred to a third party which took over the Debtor's St. Helens business location. Summit Leasing did not approve the sale or receive any proceeds of sale for the Equipment. Likewise, Summit Leasing did not release its security interest in the Equipment. The Debtor did not list the sale or transfer on her Statement of Financial Affairs or any information on the buyer or the amounts received from the sale. In mid-September of 2014 in the course of objecting to confirmation of the Debtor's plan, Summit Leasing was informed that the St. Helens location was taken over by the Debtor's sister-in-law Rachel Jones Nass with the only "consideration" for the sale being Ms. Nass' assumption of the business lease.

6.     On September 22, 2014, Summit Leasing filed an adversary proceeding against

DECLARATION OF KEN MEARS IN SUPPORT OF OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3LY1196.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    the Debtor, The Ultimate Tan & Med Spa, LLC and Rachel Jones Nass for fraudulent transfers,

2    Adv. Proc. No. 14−03219−tmb.  Summit Leasing's claims were based on the transfer of the St.

3    Helens business location to Rachel Jones Nass for no value and the transfer of the assets of The

4    Ultimate Tan & Med Spa, LLC to the Debtor immediately prior to the petition date for less than

5    equivalent value and in an attempt to hinder, delay and defraud creditors of the Debtor.  On

6    October 24, 2015, the court entered a Stipulated Judgment pursuant to which the Debtor

7    stipulated to a Judgment of $31,000 which was deemed a nondischargeable debt pursuant to 11

8    U.S.C. §§ 523(a)(2)(A), and 523(a)(6).  The Debtor further stipulated and agreed that the

9    Judgment would be entitled to collateral estoppel effect in any subsequent bankruptcy case filed

10    by or against the Debtor.  Summit Leasing agreed to dismiss The Ultimate Tan & Med Spa, LLC

11    and Rachel Jones Nass without prejudice based on the Debtor's agreement to repay the Judgment

12    and the Debtor's agreement to provide specific treatment of Summit Leasing's claim and

13    remaining Equipment in her chapter 13 plan.  A true copy of the Adversary Complaint is

14    attached hereto as Exhibit 1 and a true copy of the Stipulated Judgment is attached hereto as

15    Exhibit 2.  The Adversary Complaint includes as exhibits true copies of the Equipment Finance

16    Agreement, a Collateral Security Agreement and the Financing Statements which perfected

17    Summit Leasing's security interest in the Equipment.

18        7.    The Debtor's Chapter 13 plan was confirmed in her prior bankruptcy on

19    November 13, 2014.  On January 6, 2015, the Chapter 13 Trustee filed a motion to dismiss for

20    failure to make plan payments.  As set forth in the Chapter 13 Trustee's motion to dismiss, the

21    Debtor's last plan payment was made on October 23, 2014.  On February 12, 2015, the Debtor

22    filed her own motion to dismiss which was granted by the court on the same date.  A true copy of

23    the Chapter 13 Trustee's Motion to Dismiss is attached hereto as Exhibit 3.

24        8.    After the Debtor's prior bankruptcy was dismissed, Summit Leasing attempted

25    to discuss payments and a potential modification with the Debtor.  However, the Debtor would

26    not commit to a payment plan.  On April 3, 2015, Summit Leasing issued a demand for payment

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    in full of the outstanding balance due under the Equipment Finance Agreement and for return of

2    the Equipment.

3        9.      On April 22, 2015, the Debtor filed this Chapter 13 Bankruptcy Case.  As of the

4    Petition Date, Summit Leasing was owed a total sum of $173,673.82.

5        10.     On May 1, 2015, the Debtor filed her Motion to Extend Automatic Stay.  In her

6    motion, the Debtor disclosed for the first time that she sold her Newberg and McMinnville

7    locations after her prior bankruptcy case was dismissed.  Summit Leasing also had no prior

8    notice of these sales, did not consent to the sales and did not release its security interest in the

9    transferred Equipment.  Summit Leasing's appraisal from the prior bankruptcy confirmed that

10   nine (9) pieces of Equipment were located at the two locations with a total value in excess of

11   $30,000.  Summit Leasing requested information from the Debtor on the two sales including

12   copies of sale agreements, information on the buyers and the sale prices; however, the Debtor

13   has not provided any information related to either sale.

14       11.     The Debtor also represents in her Motion to Extend Automatic Stay that she will

15   close one or two additional business locations.  Despite requesting more information from the

16   Debtor, she has not indicated which locations she intends to close or her intended disposition of

17   the Equipment at these locations.  The Debtor has not offered or proposed to surrender any

18   additional Equipment which Summit Leasing has not already repossessed.

19           I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE

20   BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE

21   FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

22           Dated:  May 8, 2015.

23                                      /s/ Ken Mears
                                        _____
24                                      Ken Mears
                                        Yakima, Washington
25

26

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1    Jason M. Ayres, OSB #001966
     Farleigh Wada Witt
2    121 SW Morrison Street, Suite 600
     Portland, Oregon 97204-3136
3    Telephone: (503) 228-6044

4            Attorneys for Summit Leasing, Inc.

5

6

7              IN THE UNITED STATES BANKRUPTCY COURT

8                   FOR THE DISTRICT OF OREGON

9    In re

10   Debra A. Crawford,                    Case No. 14-32580-tmb13

11   _____Debtor.

12   Summit Leasing, Inc.,
                                           Adversary Proceeding
13              Plaintiff,                  Case No. _____

14          v.

15   Debra A. Crawford; The Ultimate Tan & Med     COMPLAINT
     Spa, LLC; and Rachel Jones Nass,              (Fraudulent Transfers)
16
                Defendant.
17

18           Plaintiff, Summit Leasing, Inc., alleges as follows:

19                           **JURISDICTION**

20                              1.

21           On May 2, 2014 ("Petition Date"), Debra A. Crawford ("Debtor"), filed a petition

22   for relief under Chapter 13 of Title 11, United States Code.

23                              2.

24           This matter arises under Fed. Rule Bankruptcy Procedure 7001, 7064 and ORS

25   95.230 *et seq.*

26   / / /

**Page 1 of 10- COMPLAINT**
P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741
EXHIBIT 1
Page 1 of 41

3.

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157, 1334, United States District Court Local Rule 2101, and Bankruptcy Rule 7001.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).  Venue is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

4.

Plaintiff, Summit Leasing, Inc. ("Summit Leasing") is a Washington corporation and a secured creditor of the Debtor.

5.

Debtor, Debra A. Crawford, is an Oregon resident and member of The Ultimate Tan & Med Spa, LLC.  Debra A. Crawford was formally known as Debra or Debby Nass.  Debra A. Crawford dissolved The Ultimate Tan & Med Spa, LLC on April 30, 2014 and registered the assumed business name of The Ultimate Tan & Med Spa with herself as registrant on the same date.

6.

Upon information and belief, Defendant Rachel Jones Nass resides in Oregon and is a relative of the Debtor.

## BACKGROUND FACTS

7.

Plaintiff realleges paragraphs 1 through 6, above, and incorporates them herein by reference.

8.

On or about February 15, 2012, the Debtor and The Ultimate Tan & Med Spa, LLC, as co-borrowers, entered into an Equipment Finance Agreement with Summit Leasing for the finance and purchase of specific Tanning Bed Equipment listed on the Equipment Finance

Page 2 of 10- COMPLAINT
P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741
EXHIBIT 1
Page 2 of 41

Case 15-31963-pcm13    Doc 31    Filed 05/11/15

1    Agreement.  Amounts due under the Equipment Finance Agreements are secured by the financed

2    equipment listed on the Equipment Finance Agreement as well as additional equipment listed on

3    the accompanying Collateral Security Agreement (collectively the "Equipment").  The Debtor

4    and The Ultimate Tan & Med Spa, LLC were co-owners of the Equipment subject to Summit

5    Leasing's security interest.  Summit Leasing perfected its security interest in the Equipment by

6    filing a series of UCC Financing Statements with the Oregon Secretary of State.  Copies of the

7    Equipment Finance Agreement and Collateral Security Agreement is attached hereto as Exhibit 1

8    and incorporated by reference.  Copies of the UCC Financing Statements are attached hereto as

9    Exhibit 2 and incorporated by reference.

10                               9.

11         The Ultimate Tan & Med Spa, LLC operated seven (7) tanning and medical spa

12    treatment locations prior to the Petition Date including a location in St. Helens, Oregon.  On or

13    about April 24, 2014, and approximately one week prior to the Petition Date, the Debtor

14    personally and on behalf of The Ultimate Tan & Med Spa, LLC executed an Assignment and

15    Assumption Agreement under which The Ultimate Tan & Med Spa, LLC assigned to the Debtor

16    a list of assets of The Ultimate Tan & Med Spa, LLC including all inventory and equipment

17    located at all business locations, accounts, outstanding accounts receivable, all work in progress

18    and all leasehold interests for the business locations.  As alleged consideration for the assignment

19    of the assets, the Debtor assumed all outstanding debt of The Ultimate Tan & Med Spa, LLC

20    including all secured loans, unsecured loans, accounts payable and unpaid wages but not

21    including any tax debt for which the Debtor was not currently responsible.    A copy of the

22    Assignment and Assumption Agreement is attached hereto as Exhibit 3 and incorporated by

23    reference.

24                             10.

25         As described above, on April 30, 2014 the Debtor dissolved The Ultimate Tan &

26    Med Spa, LLC and registered the assumed business name of The Ultimate Tan & Med Spa with

**Page 3 of 10- COMPLAINT**

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741
EXHIBIT 1
Page 3 of 41

1   herself as registrant.  By registering The Ultimate Tan & Med Spa as her assumed business

2   name, the Debtor obtained The Ultimate Tan & Med Spa, LLC's trade name and good will.  The

3   Debtor additionally continues to operate the website for The Ultimate Tan & Med Spa, LLC, its

4   social media links and advertising sources including its Facebook page, Twitter account,

5   Google+ account, YouTube account and LinkedIn account (the "Social Media Sites").  Upon

6   information and belief, the Debtor did not provide any consideration for The Ultimate Tan &

7   Med Spa, LLC's trade name, good will or Social Media Sites.

8                                                  11.

9                As stated above, on May 2, 2014, the Debtor filed her Chapter 13 Bankruptcy.

10  The Debtor's Schedule B lists Summit Leasing's Equipment with a value of $79,700.00.

11  Summit Leasing's claim as of the Petition Date totaled $184,654.88, plus interest at the contract

12  rate of 9.49% per annum.   The Debtor's Chapter 13 Plan dated May 15, 2014 proposed to cram

13  down Summit Leasing's claim to $79,700.00 with interest at 4%.   The Debtor's Amended

14  Chapter 13 Plan dated August 29, 2014 proposes to cram down the value of the Equipment to

15  only $68,000, plus interest at the rate of 6.00% per annum.  The Debtor's Statement of Financial

16  Affairs does not list any sales or transfers of any assets within the two years prior to the Petition

17  Date other than the sale of a vehicle.

18                                                  12.

19                On or about May 19, 2014, Summit Leasing requested access to the business

20  locations to obtain an appraisal of its Equipment.  In late June 2014, the Debtor provided access

21  for the appraisal.  During the appraisal, Summit Leasing's agent discovered that several pieces of

22  Equipment were missing from the business locations.  The Equipment which was present and

23  available has a value of $94,645.  The appraiser was not able to view the    Matrix    L33,    Dr.

24  Muller Onyx or the 2  Soltron Hot Pepper machines (the "Missing Equipment").   The Missing

25  Equipment is listed on the Equipment Finance Agreement as having been purchased and

26  financed for the Debtor and The Ultimate Tan & Med Spa, LLC.    The Missing Equipment is

P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 1
Page 4 of 41

1   believed to have a value of at least $26,000 based on the current market for the specific

2   Equipment.

3                                           13.

4           Summit Leasing began requesting information on the location of the Missing

5   Equipment on or about July 2, 2014.  On August 8, 2014, Summit Leasing was informed that the

6   Debtor sold the Matrix L33 and the 2 Soltron Hot Pepper machines with the sale of her St.

7   Helens location.  The Debtor claimed that she did not have the Dr. Muller Onyx.  However,

8   Summit Leasing's business records indicate that the Dr. Muller Onyx was delivered to the St.

9   Helens location.  Summit Leasing did not know that the St. Helens location was sold prior to this

10  date or that the Missing Equipment had been sold or transferred to a third party.  Summit Leasing

11  did not approve the sale nor did it receive any proceeds of sale for the Missing Equipment.

12  Likewise, Summit Leasing did not release its security interest in the Missing Equipment.

13                                          14.

14          Summit Leasing subsequently requested information on the sale, including the

15  sale date, purchaser, sale price and list of assets sold.  On September 12, 2014, Summit Leasing

16  was finally informed that the entire St. Helens business was transferred to Rachel Jones Nass

17  with the only consideration for the transfer being Ms. Nass' assumption of the current lease for

18  the location.  Summit Leasing requested information on Ms. Nass' relationship to the Debtor but

19  the Debtor has not responded or provided any additional information related to this transfer.

20  Upon information and belief, Ms. Nass is a relative of the Debtor.

21                                          15.

22          Upon information and belief, Ms. Nass operates the St. Helens location under the

23  name The Ultimate Tan & Med Spa.  According to the Debtor's schedules, the Debtor is not

24  receiving any payments from Ms. Nass for use of the trade name, accounts, customer lists or

25  good will of The Ultimate Tan & Med Spa, LLC.  In addition, the Debtor is not receiving any

26  payments from Ms. Nass for the use of the Missing Equipment or any other equipment or assets

**Page 5 of 10- COMPLAINT**

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741
EXHIBIT 1
Page 5 of 41

1    transferred to Ms. Nass.

2                                    16.

3          The Debtor and The Ultimate Tan & Med Spa, LLC executed the Equipment

4    Finance Agreement on February 15, 2012, at which time the Missing Equipment was listed as

5    being located at one of three locations including the St. Helens location which was then run by

6    The Ultimate Tan & Med Spa, LLC.      The Debtor and The Ultimate Tan & Med Spa, LLC

7    subsequently executed Amendments to the Equipment Finance Agreement on November 20,

8    2012 and January 27, 2014 to revise payment terms.    Under the terms of each of the

9    Amendments, the Debtor and The Ultimate Tan & Med Spa, LLC represented that all other

10   terms and conditions of the Equipment Finance Agreement remain unchanged and in full force

11   and effect, which by reference includes the location of the Equipment.

12                          **FIRST CLAIM FOR RELIEF**

13                              **(Fraudulent Transfer)**

14                          **(ORS 95.230 and ORS 95.240)**

15                                   17.

16         Plaintiff realleges and incorporates herein by reference the allegations contained

17   in paragraphs 1 through 16, above.

18                                   18.

19         Upon information and belief, the Debtor did not receive reasonably equivalent

20   value for the transfers made to Rachel Jones Nass associated with the St. Helens business

21   location of The Ultimate Tan & Med Spa, LLC, including the transfer of the business as a going

22   concern, the trade name, accounts, customer lists and good will of The Ultimate Tan & Med Spa,

23   LLC, the assets and equipment of the St. Helens location, including Summit Leasing's Missing

24   Equipment, and the future earnings of the St. Helens business location.  At the time of the

25   transfers to Rachel Jones Nass, the Debtor was engaged in business for which her remaining

26   assets were unreasonably small in relation to the transaction, and/or she intended to incur or

Page 6 of 10- COMPLAINT
P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 1
Page 6 of 41

1    believed or reasonably should have believed that she would incur, debts beyond her ability to pay

2    as they became due.  As such, the transfers to Rachel Jones Nass were fraudulent transfers under

3    ORS 95.230(b).

4                                        19.

5           The Debtor did not receive reasonably equivalent value in exchange for the

6    transfers to Rachel Jones Nass.   At the time of the transfers, The Debtor was insolvent or she

7    became insolvent as a result of the transfers.  As a result, the transfers to Rachel Jones Nass were

8    fraudulent transfers under ORS 95.240(1).

9                                        20.

10          The Debtor's transfers to Rachel Jones Nass were transfers made to an insider for

11   other than reasonably equivalent value and the Debtor was insolvent at the time of the transfers.

12   In addition, Ms. Nass, as a relative and insider, had reasonable cause to believe that the Debtor

13   was insolvent.  As a result, the transfers to Rachel Jones Nass were fraudulent transfers under

14   ORS 95.240(2).

15                                       21.

16          Pursuant to ORS 95.260, Plaintiff is entitled to a judgment avoiding the transfer

17   of the St. Helens business for The Ultimate Tan & Med Spa, LLC, restoring title to the assets

18   transferred to the Debtor and The Ultimate Tan & Med Spa, LLC including but not limited to

19   Summit Leasing's Missing Equipment, the business as a going concern, the trade name,

20   accounts, customer lists and good will of The Ultimate Tan & Med Spa, LLC, the assets and

21   equipment of the St. Helens location.  In the alternative, Plaintiff is entitled to a judgment against

22   Rachel Jones Nass for the amount of the transfers associated with the Missing Equipment.

23   / / /

24   / / /

25   / / /

26   / / /

**Page 7 of 10- COMPLAINT**

P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 1
Page 7 of 41

**SECOND CLAIM FOR RELIEF**

**(Fraudulent Transfer)**

**(ORS 95.230 and ORS 95.240)**

22.

Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 21, above.

23.

The Debtor's transfer to herself of the inventory, equipment, accounts, outstanding accounts receivable, all work in progress and all leasehold interests for the business locations of The Ultimate Tan & Med Spa, LLC under the terms of the Assignment and Assumption Agreement and subsequent transfer to herself of The Ultimate Tan & Med Spa, LLC's trade name, good will and Social Media Sites as described above in paragraphs 9 and 10 were made with the actual intent to hinder, delay and/or defraud creditors of the Debtor and The Ultimate Tan & Med Spa, LLC.  The transfers made by the Debtor to herself on behalf of The Ultimate Tan & Med Spa, LLC prevent creditors from pursuing claims against The Ultimate Tan & Med Spa, LLC as a going concern and would allow the Debtor to reorganize the business through a personal bankruptcy while modifying and discharging corporate debt.  In addition, the transfers ensure that the Debtor personally benefits from the good will, future earnings and income of The Ultimate Tan & Med Spa, LLC which would otherwise be available to repay corporate creditors but for the Debtor's transfer and chapter 13 bankruptcy.  As such, the transfers made by the Debtor on behalf of The Ultimate Tan & Med Spa, LLC were fraudulent transfers under ORS 95.230(a).

24.

Upon information and belief, the Debtor additionally did not provide reasonably equivalent value for the transfers the Debtor made to herself on behalf of The Ultimate Tan & Med Spa, LLC.  The Debtor's assumption of the outstanding debt of The Ultimate Tan & Med

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 1
Page 8 of 41

Case 15-31963-pcm13    Doc 31    Filed 05/11/15

1    Spa, LLC, other than tax liabilities, is insufficient and inadequate consideration.  In addition, the

2    Debtor did not provide any consideration for The Ultimate Tan & Med Spa, LLC's trade name,

3    good will or Social Media Sites.  At the time of the transfers, The Ultimate Tan & Med Spa, LLC

4    was insolvent or became insolvent as a result of the transfers.  As a result, the transfers to the

5    Debtor were fraudulent transfers under ORS 95.240(1).

6                                             25.

7            The transfers to the Debtor by The Ultimate Tan & Med Spa, LLC were made to

8    an insider for other than reasonably equivalent value and The Ultimate Tan & Med Spa, LLC

9    was insolvent at the time of the transfers.  In addition, Debtor knew and had reasonable cause to

10   believe that The Ultimate Tan & Med Spa, LLC was insolvent.  As a result, the transfers to the

11   Debtor were fraudulent transfers under ORS 95.240(2).

12                                            26.

13           Pursuant to ORS 95.260, Plaintiff is entitled to a judgment avoiding the transfers

14   by The Ultimate Tan & Med Spa, LLC to the Debtor, restoring title to the assets transferred to

15   The Ultimate Tan & Med Spa, LLC including but not limited to all inventory, equipment,

16   accounts, outstanding accounts receivable, all work in progress and all leasehold interests for the

17   business locations, the trade name, good will, Social Media Sites and income earned by The

18   Ultimate Tan & Med Spa, LLC.

19           WHEREFORE, the Plaintiff prays for judgment as follows:

20           1.      On its First Claim for Relief:

21                   a.      For a judgment avoiding the transfer of the St. Helens business for

22   The Ultimate Tan & Med Spa, LLC, restoring title to the assets transferred to the Debtor and The

23   Ultimate Tan & Med Spa, LLC including but not limited to Summit Leasing's Missing

24   Equipment, the business as a going concern, the trade name, accounts, customer lists and good

25   will of The Ultimate Tan & Med Spa, LLC, the assets and equipment of the St. Helens location;

26   and

**Page 9 of 10- COMPLAINT**

P:\DOCS\SUMLI\07487\PLDG\3JS5274.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 1
Page 9 of 41

1           b.     In the alternative, awarding a monetary judgment in favor of

2 Plaintiff and against Rachel Jones Nass for the amount of the transfers associated with the

3 Missing Equipment in an amount to be proven at trial.

4       2.     On its Second Claim for Relief, for a judgment avoiding the transfers by

5 The Ultimate Tan & Med Spa, LLC to the Debtor, restoring title to the assets transferred to The

6 Ultimate Tan & Med Spa, LLC including but not limited to all inventory, equipment, accounts,

7 outstanding accounts receivable, all work in progress and all leasehold interests for the business

8 locations, the trade name, good will, Social Media Sites and income earned by The Ultimate Tan

9 & Med Spa, LLC.

10      3.     Such other relief as the Court finds just and equitable.

11     Dated:  September 22, 2014.

12                  FARLEIGH WADA WITT

13

14                By:/s/ Jason M. Ayres

15                   Jason M. Ayres, OSB #001966
                     (503) 228-6044

16                   jayres@fwwlaw.com
                     Of Attorneys for Summit Leasing, Inc.

17

18

19

20

21

22

23

24

25

26

**Page 10 of 10- COMPLAINT**

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 1
Page 10 of 41

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530   Fax: (509) 453-3798   www.summitleasing.com



**SUMMIT LEASING**

## EQUIPMENT FINANCE AGREEMENT

AGREEMENT NO. **E14081**                    EFFECTIVE DATE: **02/15/2012**

SECURED PARTY: Summit Leasing, Inc.        ("Summit")

CUSTOMER(S):  **The Ultimate Tan & Med Spa, LLC, Debra Crawford**
              **15901 SW Oriole Court**
              **Sherwood, OR 97140**
              **(503) 625-4452**

COLLATERAL DESCRIPTION:

| | |
|---|---|
| **(1) Model Matrix L33** | SN:1830378 |
| **(1) Model Matrix L33** | SN:1830377 |
| **(1) Delivery and Freight NA** | |
| **(1) T-Max Pro Manager NA** | |
| **(1) Sundash Radius 252** | SN:1057 |
| **(1) Ergoline Classic 600** | SN:9000800682000596 |
| **(1) Future Industries Elixir** | SN:E403-0091 |
| **(1) Panel Booster 200- amp 208 to 235v NA** | |
| **(1) Panel Booster 200- amp 208 to 235V NA** | |
| **(1) Magic Tan MT 3000** | SN:3001 |
| **(1) Open Sun** | SN:057853 |
| **(1) Mystic MT 3000 Spray Booth** | SN:20031066 |
| **(1) Soltron Shark** | SN:798313 |
| **(2) Sundash 252** | SN:798313 & 800809705000363 |
| **(2) Soltron Hot Pepper** | SN:772223 & 773146 |
| **(1) Dr. Mueller Onyx** | SN:1964 |
| **(1) T-Max Manager Pro NA** | |
| **(2) Heartland Acclaim LP Tanning Beds** | SN:ACLP06662 & ACLP06663 |

TOTAL AMOUNT PAID TO VENDORS:  $   **169,317.47**

TERM: The term of this agreement shall be for a period of **60 months and 0 days** commencing **02/15/2012** and terminating **02/15/2017**.

LOCATIONS OF COLLATERAL:

| | | |
|---|---|---|
| **2296 Gable Rd., Suite 240** | **20649 SW Roy Rogers Rd.** | **15986 SW Tualatin Sherwood Rd.** |
| **St. Helens, OR 97051** | **Sherwood, OR 97140** | **Sherwood, OR 97140** |

Initial _____

EXHIBIT 1
Page 11 of 41

EXHIBIT 1
Page 1 of 11

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

<u>PAYMENT:</u>

| | | | |
|---|---|---|---|
| **Due 02/15/2012**<br>First month's payment: | | $ | 2,500.00 |
| **Due 03/15/2012 - 01/15/2013**<br>upon or before the **15th** day of **each month:** | | $ | 2,500.00 |
| **Due 02/15/2013 - 01/15/2014**<br>upon or before the **15th** day of **each month:** | | $ | 3,000.00 |
| **Due 02/15/2014 - 01/15/2015**<br>upon or before the **15th** day of **each month:** | | $ | 3,500.00 |
| **Due 02/15/2015 - 01/15/2016**<br>upon or before the **15th** day of **each month:** | | $ | 4,000.00 |
| **Due 02/15/2016 - 01/15/2017**<br>upon or before the **15th** day of **each month:** | | $ | 5,528.70 |

THIS EQUIPMENT FINANCE AGREEMENT ("AGREEMENT") IS SUBJECT TO THE TERMS AND CONDITIONS PRINTED HEREON AND ON THE FOLLOWING PAGES, ALL OF WHICH ARE MADE A PART HEREOF AND WHICH CUSTOMER ACKNOWLEDGES HAVING READ. PLEASE READ CAREFULLY BEFORE SIGNING.  THIS AGREEMENT IS NOT BINDING UNTIL ACCEPTED BY SUMMIT.

<u>1.0 AGREEMENT</u>: Subject to the terms of this Agreement, Summit has agreed to provide financing for the Customer's acquisition of the personal property described above or on attached Schedule A.  Such personal property together with any replacement parts, additions, repairs or accessories now or hereafter incorporated in or affixed to it is hereinafter collectively referred to as the "Equipment".  Customer hereby promises to pay to Summit all amounts described in this Agreement.
<u>2.0 PAYMENTS</u>: Customer agrees to pay Summit periodic payments in the amounts set forth above. The initial payment shall be due upon execution of this Agreement. Subsequent payments shall then be due each month on the payment due date set forth above until paid. All other amounts due hereunder shall be due upon Customer's receipt of Summit's invoice therefore. Advance payments shall be applied to the last installment payments in reverse order until exhausted; provided that if there is a default, any payments under this Agreement may be applied to the Obligations (as defined below) in such order as Summit chooses.
<u>3.0 LATE CHARGE</u>: If a payment is not received within five (5) days of the due date, a late charge shall be imposed, such amount being five percent (5%) per month, or $5.00, whichever is greater. Late charges shall be payable by Customer upon demand and failure to pay the same shall constitute an event of default under this Agreement.  The right of Summit to impose a late charge shall not be considered as a waiver of Summit of the right to insist upon strict performance of the terms of this Agreement.
<u>4.0 SECURITY INTEREST; AUTHORIZATION</u>: Customer hereby grants Summit a security interest in the Equipment to secure performance by Customer of its obligations under this Agreement and under any other present or future agreement with Summit (collectively, the "Obligations"). Customer shall insure that such security interest is and shall remain a sole first lien security interest in the Equipment. Customer authorizes Summit to file a financing statement describing the Equipment from time to time in any Uniform Commercial Code ("UCC") filing office. Customer agrees to pay all costs of preparing and filing any such financing statement.
<u>5.0 NO WARRANTY</u>: SUMMIT, NOT BEING THE MANUFACTURER OR THE MANUFACTURER'S AGENT, MAKES NO WARRANTY OR REPRESENTATION, EITHER EXPRESS OR IMPLIED, AS TO THE FITNESS FOR A PARTICULAR USE OR OTHERWISE QUALITY, DESIGN, CONDITION, CAPACITY, SUITABILITY, MERCHANTABILITY OR PERFORMANCE OF THE EQUIPMENT OR OF THE MATERIAL OR WORKMANSHIP THEREOF, IT BEING AGREED THAT THE EQUIPMENT IS FINANCED "AS IS" AND THAT ALL SUCH RISKS, AS BETWEEN SUMMIT AND THE CUSTOMER, ARE TO BE BORNE BY THE CUSTOMER AT ITS SOLE RISK AND EXPENSE. CUSTOMER ACCORDINGLY AGREES NOT TO ASSERT ANY CLAIM WHATSOEVER AGAINST SUMMIT BASED THEREON. CUSTOMER UNDERSTANDS AND ACKNOWLEDGES THAT NO BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER, OR AGENT OF ANY BROKER OR SUPPLIER, IS AN AGENT OF SUMMIT.  NO BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER, OR AGENT OF ANY BROKER OR SUPPLIER, IS AUTHORIZED TO WAIVE OR ALTER ANY TERM OR CONDITION OF THIS AGREEMENT, AND NO REPRESENTATION AS TO THE EQUIPMENT OR ANY OTHER MATTER BY THE BROKER OR SUPPLIER, NOR ANY SALESMAN, BROKER, OR AGENT OF ANY BROKER OR SUPPLIER, SHALL IN ANY WAY AFFECT CUSTOMER'S DUTY TO MAKE THE

Page 2 of 6
Equipment Finance Agreement
Agreement E14081  2/2/2012:MS/pb

Initial _DC_

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

PAYMENTS AND TO PERFORM CUSTOMER'S OBLIGATIONS SET FORTH IN THIS AGREEMENT. Customer waives any right to (a) cancel or repudiate this Agreement; (b) reject or revoke acceptance of the Equipment; or, (c) recover from Summit any general, special, incidental, or consequential damages, for any reason whatsoever.

**6.0 NON-ASSIGNABILITY BY CUSTOMER:** NEITHER THIS AGREEMENT NOR CUSTOMER'S RIGHTS HEREUNDER, INCLUDING, BUT NOT LIMITED TO, THE POSSESSION AND USE OF THE EQUIPMENT, SHALL BE ASSIGNABLE BY CUSTOMER WITHOUT THE WRITTEN CONSENT OF SUMMIT. FURTHER, CUSTOMER SHALL NOT TRANSFER IN WHOLE OR IN PART THE POSSESSION OF THE EQUIPMENT WITHOUT THE WRITTEN CONSENT OF SUMMIT. Customer shall not encumber the Equipment by either voluntary or involuntary lien.

**7.0 MAINTENANCE AND USE:** Customer is the owner of the Equipment and shall maintain it in a good and safe operating condition and working order, using as a guide the maintenance program prescribed in the owner's manual, if any, for each item of Equipment, and shall perform, all required to insure full validation of a manufacturer's warranty, if any, on the Equipment. In addition, Customer shall repair and provide replacement parts necessary to keep the Equipment in a good and safe operating condition and working order.  All replacement parts, as required hereunder, shall immediately become the subject to the security interest granted hereunder. It is understood that Summit assumes no obligation whatsoever for the maintenance, repair or replacement of the Equipment or any portion thereof. The Equipment shall be used solely in the conduct of Customer's business and Customer warrants that Equipment is used for commercial or business purposes and not for consumer, personal, home or family purposes.

**8.0 RISK OF LOSS-INSURANCE-INDEMNITY-LIABILITY INSURANCE:**

**8.1 RISK OF LOSS:** Customer hereby assumes and shall bear the entire risk of loss and damage to the Equipment from any cause whatsoever, regardless of whether the loss is insured.

**8.2 PROPERTY INSURANCE:** During the term of this Agreement, Customer shall cause the Equipment to be insured against all perils normally and customarily insured against with an insurer acceptable to Summit, *the Equipment to be scheduled on Customer's policy in the amount of the full insurable value of the Equipment. Summit shall be named as an Insured and/or Loss Payee* under such policy or policies to the extent of Summit's interest. A certificate of insurance providing for thirty 30 days' notice of cancellation to Summit shall be furnished by all insurers. The proceeds of such insurance payable as a result of loss or damage to any or all of the Equipment shall be applied at the sole option of Summit as follows:

(A)    toward the replacement, restoration or repair of the Equipment which may be lost, stolen, destroyed or damaged: or,
(B)    toward the payment of any obligations of Customer hereunder or arising out of Customer's use and possession of the Equipment.

**8.3 INDEMNITY-LIABILITY INSURANCE:** Customer covenants and agrees to indemnify and hold harmless Summit against liability of any kind of nature, including, but not limited to, the liability arising under any statute, ordinance or regulation in connection with the use of the Equipment, and against liability from any claim for personal injury, death, or property damage to any person or party whatsoever, including Customer, by reason of the transportation, installation, use or operation of the Equipment, or the condition of the Equipment.  Such indemnification shall survive the expiration, cancellation, or termination of this Agreement . To insure such indemnification and hold harmless agreement, Customer shall obtain and maintain in good standing at all times during the term of this Agreement *Liability Insurance in the amount of $500,000.00 ($1,000,000.00 for rolling stock)*, or more, *with Summit named as an Additional Insured* under such policy or policies. For the purpose of this paragraph, "Rolling stock" shall mean any Equipment required to be licensed for operation on public roads.  Customer should provide Summit with a certificate showing such insurance in effect during the term hereof, and thirty (30) days' notice of cancellation shall be required to be given to Summit. Such policy shall be issued by an insurance company acceptable to Summit. Customer grants to Summit a specific power of attorney for Summit to sign, endorse or negotiate for Summit's benefit any instrument representing proceeds from any policy of insurance covering the Equipment.

**8.4 FAILURE TO INSURE OR PAY FOR INSURANCE:** In the event Customer fails to provide or maintain any insurance required by this Agreement, Summit shall have the right, but not the obligation, to secure insurance on the Equipment in such form and amount as Summit deems reasonable to protect Summit's interests. Customer understands that, if Summit secures insurance on the Equipment the insurance may not name Customer as an insured and may not fully protect Customer's interests. Customer agrees that, if Summit secures insurance on the Equipment, Customer will pay an insurance charge that may be substantially higher than the premium that Customer would pay if Customer placed said insurance independently. Customer agrees that, in addition to the premium, the insurance charge Customer is required to pay Summit will include an interest charge, administrative and processing fees, which will result in profit to Summit and its agents. All sums so incurred or expended by Summit shall be without demand immediately due and payable by Customer.

**9.0 USE-OPERATION ACCORDING TO LAW:** Customer shall comply with all applicable statutes, ordinances and regulations with respect to the use, operation and/or condition of the Equipment.  No Equipment shall be used contrary to the provisions of any applicable insurance policy covering said Equipment.

Page 3 of 6
Equipment Finance Agreement
Agreement E14081 2/2/2012:MS/pb

Initial _DC_

EXHIBIT 1
Page 13 of 41

EXHIBIT 1
Page 3 of 11

Case 15-31963-pcm13    Doc 31    Filed 05/11/15

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

<u>10.0  NON CANCELLABLE AGREEMENT</u>: PREPAYMENT; NO OFFSET.  THIS AGREEMENT IS NON CANCELLABLE BY CUSTOMER FOR ANY REASON WHATSOEVER. CUSTOMER MAY PREPAY THE INSTALLMENT PAYMENTS ONLY IN ACCORDANCE HEREWITH. IN THE EVENT SUMMIT PERMITS THIS AGREEMENT TO BE PAID OFF PRIOR TO THE END OF ITS FULL TERM, CUSTOMER WILL PAY SUMMIT THE UNPAID BALANCE OF THIS AGREEMENT, INCLUDING ALL ACCRUED BUT UNPAID PAYMENTS, AND ALL PAYMENTS TO BECOME DUE IN THE FUTURE DISCOUNTED TO PRESENT VALUE AT A DISCOUNT RATE OF 5% PER ANNUM. ALL PAYMENTS HEREUNDER ARE TO BE MADE WITHOUT OFFSET.

<u>11.0  PERMITS, BONDS, LICENSE AND TAXES</u>:  If required, because of Customer's use and/or possession of the Equipment, Customer shall obtain and provide all necessary permits, bonds, and licenses required or necessary for the installation, use, operation and/or transportation of the Equipment. Except as otherwise provided herein, Customer shall pay, as the same shall become due and payable, all taxes, fees, or other governmental charges levied against the Equipment by reason of its use or ownership by any governmental entity or agency, including, without limitation, personal property taxes. In addition, within thirty (30) days following the date on which such tax, fee or other charges becomes due and payable, Customer shall deliver to Summit written proof of payment thereof, upon request by Summit.  In the event Customer shall fail or refuse to pay any such tax, fee or other governmental charge, Summit shall have the right to pay the same and Customer shall reimburse Summit on demand for all sums so paid by Summit.  In the event of Customer's failure to pay when due any such reimbursement for permits, bonds, licenses, or taxes paid by Summit, Summit shall have the right to apply any monies received from Customer to said reimbursement.

<u>12.0 EVENTS OF DEFAULT</u>:  An event of default shall occur if:
    (A)    Customer fails to pay when due any payment and such failure continues for a period of ten (10) days.
    (B)    Customer fails to perform as required any covenant, condition, provision or agreement herein set forth and such failure continues for a period of fifteen (15) days.
    (C)    Customer or any guarantor becomes insolvent or is the subject of a petition in bankruptcy, either voluntary or involuntary, or makes an assignment for the benefit of creditors, or is named in, or the Equipment is subjected to, a suit for the appointment of a receiver, or any action is taken for the dissolution of Customer, if Customer be a corporation, partnership or limited liability company ("LLC").
    (D)    Customer has made any misleading or false statement or representation in connection with application for or performance of this Agreement.
    (E)    The Equipment or any part thereof shall be subject to any lien, levy, seizure, assignment, transfer, encumbrance, attachment, execution or sale without prior written consent of Summit, or if Customer shall abandon the Equipment or permit any other entity or person the use of the Equipment without the prior written consent of Summit.
    (F)    Customer or any guarantor defaults in the performance of any obligation owed to Summit under the provisions of any other agreement with Summit.

<u>13.0 REMEDIES</u>: Upon the occurrence of an event of default, Summit shall have the rights and remedies of Summit under the UCC and in connection therewith Summit may: (a) declare the all amounts due hereunder immediately due and payable with respect to any or all items of Equipment without notice or demand to Customer; (b) take possession of or, if deemed appropriate, render unusable any or all items of Equipment, without demand or notice, wherever located, without any process of law and without liability for any damages occasioned by such taking of possession including damages to contents; (c) require Customer to assemble any or all items of Equipment at a location in reasonable proximity to their designated location hereunder; (d) sell or otherwise dispose of any items of Equipment, whether or not in Summit's possession, at public or private sale and apply the net proceeds of such sale after deducting all costs of such sale, including, but not limited to, costs of transportation, repossession, storage, refurbishing, advertising and brokers fees, to the Obligations with Customer remaining liable for any deficiency, or (f) utilize any other remedy available under the UCC or otherwise to Summit. Unless the Equipment is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Summit shall give to the Customer at least five business days prior written notice of the time and place of any public sale of Equipment or of the time after which any private sale or any other intended disposition is to be made. The Customer hereby acknowledges that five business days prior written notice of such sale or sales shall be reasonable notice. All remedies are cumulative and Summit may become the purchaser at any foreclosure sale. If Summit is required by law to discount any unpaid payment or other sums payable by Customer hereunder, then the parties hereto agree that the discount rate used shall be five percent (5%).

<u>14.0 STANDARDS FOR EXERCISING RIGHTS AND REMEDIES</u>:  To the extent that applicable law imposes duties on Summit to exercise remedies in a commercially reasonable manner, the Customer acknowledges and agrees that it is not commercially unreasonable for Summit (a) to fail to incur expenses reasonably deemed significant by Summit to prepare Equipment for disposition, (b) to fail to obtain third-party consents for access to Equipment to be disposed of, (c) to advertise dispositions of Equipment through publications or media of general circulation, whether or not the Equipment is of a specialized nature, (d) to contact other persons, whether or not in the same business as the Customer, for expressions of interest in acquiring all or any portion of the Equipment, (e) to hire one or more professional auctioneers to assist in the disposition of Equipment, whether or not the Equipment is of a specialized nature, (f) to dispose of Equipment by utilizing Internet sites that provide for the auction of assets of the types included in the Equipment or that have the reasonable capability of doing so, or that match buyers and sellers of assets, (g) to dispose of assets in wholesale rather than retail markets, (h) to disclaim

Page 4 of 6
Equipment Finance Agreement
Agreement E14081  2/2/2012:MS/pb

Initial _DC_

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA  98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

disposition warranties. The Customer acknowledges that the purpose of this Section 16 is to provide non-exhaustive indications of what actions or omissions by Summit would fulfill Summit's duties under the UCC or other law in any relevant jurisdiction in Summit's exercise of remedies against the Equipment and that other actions or omissions by Summit shall not be deemed to fail to fulfill such duties solely on account of not being indicated in this Section 16.  Without limitation upon the foregoing, nothing contained in this Section 16 shall be construed to grant any rights to the Customer or to impose any duties on Summit that would not have been granted or imposed by applicable law in the absence of this Section 16.

**15.0 EXPENSE OF ENFORCEMENT:** All costs incurred by Summit in protecting the Equipment or any costs incurred by Summit in the event of a default by Customer shall be paid by Customer to Summit upon demand.  Such costs shall include, but not be limited to, all Summit's attorney's fees incurred, costs of taking possession and transporting the Equipment to Summit's place of business or such other place as designated by Summit, and costs for restoring the Equipment to a good and safe condition and working order for the purpose of the disposition of said Equipment.

**16.0 GOVERNING LAW, JURISDICTION AND VENUE:** ALL MATTERS INVOLVING THE CONSTRUCTION, VALIDITY, PERFORMANCE, OR ENFORCEMENT OF THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF WASHINGTON.  CUSTOMER CONSENTS TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF WASHINGTON AND AGREES THAT AT SUMMIT'S SOLE OPTION, JURISDICTION AND VENUE (LOCATION) FOR ANY DISPUTE, SUIT OR ACTION ARISING UNDER OR IN RELATION TO THE AGREEMENT, AND ALL DOCUMENTS EXECUTED IN CONNECTION THEREWITH, SHALL LIE IN YAKIMA COUNTY, STATE OF WASHINGTON.  CUSTOMER WAIVES THE RIGHT OF JURY TRIAL.  SUMMIT SHALL HAVE THE OPTION OF COMMENCING AN ACTION IN ANY COURT HAVING JURISDICTION OVER THE SUBJECT MATTER AND PARTIES TO THE TRANSACTION.

**17.0 NOTICES:** Any notices required by this Agreement or the UCC shall be deemed to be delivered when a record properly directed to the intended recipient has been (a) deposited with the US Postal Service, (b) transmitted by facsimile, (c) transmitted through the Internet, or (d) has been personally delivered.  Each of the parties shall be responsible for notifying the other party or parties in writing of any change of address.  Customer represents that its exact legal names, state of incorporation, location of its chief executive office and/or its place of residence as applicable have been correctly identified to Summit.

**18.0 ENTIRE AGREEMENT:** This Agreement contains the entire agreement between the parties and shall be binding upon their respective heirs, executors, administrators, legal representatives, successors and assigns, personal representatives, successors and assigns; subject, however, to any other supplemental or other agreements in writing by and between the parties.  This Agreement may not be altered or amended, except in writing and signed by both parties.

**19.0 WAIVER:** The forbearance on the part of Summit to exercise any right or remedy available hereunder in the event of Customer's default, or Summit's failure to demand punctual performance or any obligation of Customer shall not be deemed a waiver (A) of any such right or remedy, (B) the requirement of punctual performance, or (C) of any subsequent breach or default on the part of Customer.

**20.0 AUTHORITY TO SIGN:** If Customer is a partnership, LLC, or corporation, the person signing the Agreement on behalf of such partnership, LLC or corporation hereby warrants that (s)he has full authority from the partnership, LLC, or corporation to sign this Agreement and obligate the partnership, LLC, or corporation.

**21.0 CHANGE OF LOCATION:** Customer shall keep Equipment that is movable, permanently garaged and shall not remove it from the United States. Customer shall not remove any item of stationary Equipment from the location shown above without the prior written consent of Summit. Failure to obtain Summit's consent shall constitute an event of default under the terms of this Agreement. Upon request, Customer shall advise Summit of the exact location of movable Equipment. Summit may inspect the Equipment during normal business hours and enter the premises where the Equipment may be located for such purposes.

**22.0 ASSIGNMENT BY SUMMIT:**  Any assignee of Summit shall have all of the rights but none of the obligations of Summit, which obligations remain those of Summit, under this Agreement. Customer shall recognize and hereby consents to any assignment of this Agreement by Summit, and shall not assert against the assignee any defense, counterclaim, or setoff that Customer may have against Summit.

**23.0 FINANCIAL STATEMENTS; CREDIT REPORTS:**  Summit may require from time to time, and Customer agrees to furnish statements setting forth the financial condition and operations of Customer. Customer authorizes Summit, its successors, assigns and prospective assigns to obtain a personal credit profile on Customer or any guarantor from any credit reporting company.

**24.0 SEVERABILITY:** If any provision of this Agreement is contrary to, prohibited by, or held invalid under applicable laws or regulations or any jurisdiction in which it is sought to be enforced, then such provision shall be considered severable and inapplicable, but shall not invalidate the remaining provisions of this Agreement.

Page 5 of 6
Equipment Finance Agreement
Agreement E14081  2/2/2012:MS/pb

Initial _DC_

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA  98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

SECURED PARTY:  SUMMIT LEASING, INC.

By _____          Date: _____


CUSTOMER: The Ultimate Tan & Spa, LLC, Debra Crawford

_____          Date:  2·15-12
(Signature of Member)

_____          Date:  2-15-12
Debra Crawford, Individually

Page 6 of 6
Equipment Finance Agreement          Initial  DC
Agreement E14081  2/2/2012:MS/pb

EXHIBIT 1
Page 16 of 41
EXHIBIT 1
Page 6 of 11

SUMMIT LEASING, INC.
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com



SUMMIT LEASING

## AMENDMENT TO LEASE AGREEMENT

THIS AMENDMENT IS HEREBY MADE A PART OF LEASE AGREEMENT NO. E14081, DATED 02/15/2012

*Paragraph 2.0* Is amended to read as follows:

The term of this lease shall be for a period of 69 months and 0 days commencing 02/15/2012 and terminating at 12:00 noon on **11/15/2017.**

*Paragraph 4.0* Is amended to read as follows:

*Effective December 7, 2012* the rental for the leased property, not including applicable sales tax or use tax (or comparable tax), hereinafter "tax", shall be payable as follows:

| | |
|---|---|
| Due 10/15/2012 through 11/15/2012: | $   -0- |
| Due 12/15/2012 through 01/15/2013: | $ 1,000.00 |
| Due 02/15/2013 through 10/15/2013: | $ 3,000.00 |
| Due 11/15/2013 through 01/15/2014 upon or before every November through January thereafter: | $ 1,000.00 |
| Due 02/15/2014 through 10/15/2014: | $ 3,500.00 |
| Due 02/15/2015 through 10/15/2015: | $ 4,000.00 |
| Due 02/15/2016 through 10/15/2016: | $ 5,528.70 |
| Due 02/15/2017 through 10/15/2017: | $ 5,528.70 |

All other terms and conditions of this personal property lease shall remain unchanged and in full force and effect.

LESSOR:  SUMMIT LEASING, INC.

By _____          Date:  _12/31/12_

LESSEE:  The Ultimate Tan & Med Spa, LLC

_____          Date:  _11/20/12_
(Signature of Member)

_____          Date:  _11/20/12_
Debra A. Crawford, Individually

Page 1 of 1
Amendment
Lease E14081  Amendment #1   12/7/2012:MS/pb

To Bookkeeping: _12/31/12_ By: _____



SUMMIT LEASING, INC.
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

## AMENDMENT TO EQUIPMENT FINANCE AGREEMENT

THIS AMENDMENT IS HEREBY MADE A PART OF EQUIPMENT FINANCE AGREEMENT NO. E14081, DATED 02/15/2012

*TERM* is amended to read as follows:

The term of this agreement shall be for a period of 74 months and 0 days commencing 02/15/2012 and terminating 04/15/2018.

*PAYMENT* is amended to read as follows:

| | |
|---|---|
| Due 10/15/2013 through 02/15/2014: | $    -0- |
| Due 03/15/2014: | $ 3,500.00 |
| Due 04/15/2014 through 10/15/2014: | $ 4,000.00 |
| Due 11/15/2014 through 01/15/2015: | $ 1,000.00 |
| Due 02/15/2015 through 10/15/2015: | $ 4,000.00 |
| Due 11/15/2015 through 01/15/2016: | $ 1,000.00 |
| Due 02/15/2016 through 10/15/2016: | $ 5,528.70 |
| Due 11/15/2016 through 01/15/2017: | $ 1,000.00 |
| Due 02/15/2017 through 11/15/2017: | $ 5,528.70 |
| Due 12/15/2017 through 03/15/2018: | $ 1,000.00 |

All other terms and conditions of this Equipment Finance Agreement shall remain unchanged and in full force and effect.

SECURED PARTY: SUMMIT LEASING, INC.

By _____    Date: 1/28/14

CUSTOMER: The Ultimate Tan & Med Spa, LLC

_____    Date: 1-27-14
(Signature of Member)

_____    Date: 1-27-14
Debra A. Crawford, Individually

Page 1 of 1
EFA Amendment
Agreement E14081  Amendment #2  1/7/2014:MS/pb

To Bookkeeping: _____ By: _____

SUMMIT LEASING, INC.
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com



SUMMIT LEASING

## COLLATERAL SECURITY AGREEMENT

As security for the payment and performance by **The Ultimate Tan & Med Spa, LLC, Debra Crawford,** ("Customer") to SUMMIT LEASING, INC., ("Summit") of (a) Equipment Finance Agreement between Summit and Customer bearing **Agreement No. E14081** dated **02/15/2012,** together with amendments, renewals, or extensions thereof; (b) any and all obligations of any Customer hereunder to Summit, direct, indirect or contingent, joint or several, whether or not otherwise secured, and whether now existing or hereafter incurred; and (c) any and all amounts advanced or expended by Summit for the maintenance or preservation of the collateral, Customer hereby pledges, assigns and grants to Summit a security interest in the following described Collateral:

Collateral Description:

| | |
|---|---|
| Ergoline Classic 600 | SN:693 & 438 |
| Ergoline Classic 650 | SN:593 |
| Mystic Spray Booth | SN:TBU-12083 |
| Sundash Radius 252 | SN:627 |
| Tan America VIP 32 | SN:A-1023 |

Said Collateral shall be domiciled at:

Address: _____

City of: _____, County of: _____, State of: _____

This Collateral Security Agreement includes the Terms and Conditions consisting of six (6) numbered paragraphs attached hereto and made a part hereof.

## TERMS AND CONDITIONS

**1. RIGHTS AND OBLIGATIONS WITH RESPECT TO COLLATERAL**
Summit may hold the collateral until all of the duties and obligations of the Customer have been fully laid and satisfied and shall thereafter deliver the same to Customer. In connection with such holding, Summit shall have the following rights:
(A) Summit may take such steps as it deems necessary or desirable to protect, maintain, insure or satisfy any liens against the collateral and to store or care for the same and may charge any costs involved in so doing to the Customer.
(B) Any income from the collateral, including rents, dividends, interests, proceeds of any insurance or other income of any type shall be and become the property of Customer so long as the subject Agreement is not in default. Summit shall execute all instruments necessary and proper to cause Customer to receive, directly from the paying agent, the income from that collateral so long as there is no fault on the Agreement. Upon any default, however, all such income shall become the property of Summit pursuant to Paragraph 4 below.
(C) At its option, Summit may apply any cash which may be received through liquidation, sale or retirement of any of the collateral to the payment of any deficiencies which may, at the time of such liquidation, sale or retirement be due and owing Summit under Agreement. In the event that there is a liquidation, sale or retirement of the collateral while the Agreement is not in default, Customer shall replace the collateral with collateral of equal value and liquidity as deemed reasonable by Summit.
(D) Customer hereby duly appoints Summit true and lawful attorney in fact to sign in the name, place, and stead of Customer any UCC Financing Statement or Fixture Filing pertaining to that property referenced below.

Page 1 of 2
EFA Collateral Security Agreement
Agreement E14081  2/3/2012:MS/pb

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

**2. LIMITATIONS ON OBLIGATIONS OF SUMMIT**
(A)  Summit shall not be obligated to collect any amounts due or which may become due on any of the collateral.
(B)  Summit may grant an extension of time to or renew any obligation of Customer without first obtaining the consent of Customer.
(C)  Summit assumes no obligations relative to the items of personal property leased by the above described agreement.

**3. EVENTS OF DEFAULT**
The following shall constitute events of default on the part of Customer:
(A)  Nonpayment or nonperformance when due of all or any part of any obligation of Customer to Summit.
(B)  Insolvency of Customer, an assignment by Customer for the benefit of creditors, the filing by Customer of a voluntary petition in bankruptcy, an adjudication that Customer is a bankrupt, or the appointment of a receiver of the properties of Customer.
(C)  Any financial statement, profit and loss statement, or other financial information furnished by Customer or any guarantor to Summit which proves to be false or incorrect.
(D)  Any decline or depreciation in the value of the collateral to become unsatisfactory in the judgment of Summit.

**4. SUMMIT'S RIGHTS IN EVENT OF DEFAULT**
In the event of any default, Summit may do any one or more of the following:
(A)  Declare any indebtedness secured hereby immediately due and payable, without notice or demand.
(B)  Require Customer to assemble any collateral in its possession and to deliver the same to Summit or its designee upon Summit's demand.
(C)  Without limiting the generality of the foregoing, Summit may sell the collateral at a private sale for less than its market value if a public sale of all or a substantial portion of the relevant collateral is restricted by law at that time.  If the proceeds from the disposition of the collateral are less than the indebtedness, Customer shall pay the deficiency to SUMMIT LEASING, INC., upon Summit's demand.
(D)  Take such measures as Summit may deem necessary or advisable to preserve, maintain, protect or care for the collateral or any portion thereof, and Customer hereby irrevocably constitutes and appoints SUMMIT LEASING, INC., as Customer's attorneyinfact to all acts and things in connection therewith.

**5. ASSIGNMENT OF THE COLLATERAL**
Summit may assign the whole, or any part of, the collateral.  In the event of any such transfer, the transferee shall have the same rights and powers with reference to the collateral transferred as are hereby given Summit and after such transfer Summit shall be free from any obligation to Customer with respect to the collateral transferred.  In the event of any such assignment, Summit shall have the sole right to determine what, if any, portion of the collateral shall be transferred to the assignee.

**6. MISCELLANEOUS**
Summit's waiver in any instance or instances of any right given it hereunder shall not be deemed a waiver of such rights in any subsequent instance.  Any notice which may be given hereunder shall be deemed to have been given when deposited in the United States mail in an envelope addressed to the person to whom the notice is to be given at his last known address.  Customer agrees to execute all stock powers, powers of attorney, assignments, notices or other writings reasonable required by Summit so that the collateral may be subject to the disposition of Summit as provided by this agreement and not subject to the control of Customer.

SECURED PARTY:  SUMMIT LEASING, INC.

By _____          Date _____

CUSTOMER:  The Ultimate Tan & Med Spa, LLC, Debra Crawford

_____          Date: _____
  (Signature of Member)

_____          Date: _____
Debra Crawford, individually

Page 2 of 2
EFA Collateral Security Agreement
Agreement E14001  2/3/2012:MS/pb

**SUMMIT LEASING, INC.**
3901 Fairbanks Ave., Yakima, WA 98902
Mail: P.O. Box 7, Yakima, WA 98907-0007
Phone: (800) 736-1530    Fax: (509) 453-3798    www.summitleasing.com

**2. LIMITATIONS ON OBLIGATIONS OF SUMMIT**
(A) Summit shall not be obligated to collect any amounts due or which may become due on any of the collateral.
(B) Summit may grant an extension of time to or renew any obligation of Customer without first obtaining the consent of Customer.
(C) Summit assumes no obligations relative to the items of personal property leased by the above described agreement.

**3. EVENTS OF DEFAULT**
The following shall constitute events of default on the part of Customer:
(A) Nonpayment or nonperformance when due of all or any part of any obligation of Customer to Summit.
(B) Insolvency of Customer, an assignment by Customer for the benefit of creditors, the filing by Customer of a voluntary petition in bankruptcy, an adjudication that Customer is a bankrupt, or the appointment of a receiver of the properties of Customer.
(C) Any financial statement, profit and loss statement, or other financial information furnished by Customer or any guarantor to Summit which proves to be false or incorrect.
(D) Any decline or depreciation in the value of the collateral to become unsatisfactory in the judgment of Summit.

**4. SUMMIT'S RIGHTS IN EVENT OF DEFAULT**
In the event of any default, Summit may do any one or more of the following:
(A) Declare any indebtedness secured hereby immediately due and payable, without notice or demand.
(B) Require Customer to assemble any collateral in its possession and to deliver the same to Summit or its designee upon Summit's demand.
(C) Without limiting the generality of the foregoing, Summit may sell the collateral at a private sale for less than its market value if a public sale of all or a substantial portion of the relevant collateral is restricted by law at that time.  If the proceeds from the disposition of the collateral are less than the indebtedness, Customer shall pay the deficiency to SUMMIT LEASING, INC., upon Summit's demand.
(D) Take such measures as Summit may deem necessary or advisable to preserve, maintain, protect or care for the collateral or any portion thereof, and Customer hereby irrevocably constitutes and appoints SUMMIT LEASING, INC., as Customer's attorneyinfact to all acts and things in connection therewith.

**5. ASSIGNMENT OF THE COLLATERAL**
Summit may assign the whole, or any part of, the collateral.  In the event of any such transfer, the transferee shall have the same rights and powers with reference to the collateral transferred as are hereby given Summit and after such transfer Summit shall be free from any obligation to Customer with respect to the collateral transferred.  In the event of any such assignment, Summit shall have the sole right to determine what, if any, portion of the collateral shall be transferred to the assignee.

**6. MISCELLANEOUS**
Summit's waiver in any instance or instances of any right given it hereunder shall not be deemed a waiver of such rights in any subsequent instance.  Any notice which may be given hereunder shall be deemed to have been given when deposited in the United States mail in an envelope addressed to the person to whom the notice is to be given at his last known address.  Customer agrees to execute all stock powers, powers of attorney, assignments, notices or other writings reasonable required by Summit so that the collateral may be subject to the disposition of Summit as provided by this agreement and not subject to the control of Customer.

**SECURED PARTY:  SUMMIT LEASING, INC.**

By _____                     Date _____

**CUSTOMER:  The Ultimate Tan & Med Spa, LLC, Debra Crawford**

_____                        Date: _____
(Signature of Member)

_____                        Date: _____
Debra Crawford, Individually

Page 2 of 2
EFA Collateral Security Agreement
Agreement E14081  2/3/2012:MS/pb

EXHIBIT 1
Page 21 of 41

EXHIBIT 1
Page 11 of 11

OR Sec of State
12/02/2013

||||| |||| ||||| |||||| ||||| |||||
B157520-4_5857737

Lien#: 8157520-4

UCC

*Continuation*
*12/19/18*

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company    1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscinfo.com

**C.**

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301
Filed In: Oregon
(S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|
| 8157520      12/19/2008 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:          **AND** Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record      ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| NASS | DEBRA | | |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME SUMMIT LEASING, INC. | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 10. OPTIONAL FILER REFERENCE DATA ULTIMATE TAN  DBA  12967  MS/JJ/pb | 82141279 |
|---|---|

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

# State of Oregon
## Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

## ACKNOWLEDGMENT NOTICE

CORPORATION SERVICE COMPANY

285 LIBERTY ST NE STE 370

SALEM, OR 97301

**File Number:** 8765161

**File Date:** 04/18/2011

**Exp. Date:** 04/18/2016

**Entered By:** jodfor

**Doc Type:** UCC

New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division.  Please refer to the file number listed above.

Note:  You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Secured party of record name(s) and address(es)**

Organization:    SUMMIT LEASEING, INC.
                 PO BOX 7
                 YAKIMA, WA 98907

**Debtor name(s) and address(es)**

Organization:    THE ULTIMATE TAN
                 15986 SW TUALATIN SHERWOOD RD
                 SHERWOOD, OR 97140

Individual:      NASS, DEBRA
                 15986 SW TUALATIN SHERWOOD RD
                 SHERWOOD, OR 97140

#11859

State of Oregon
Initial Filing 1 Page(s)

8765161
04/18/11 03:56 PM
OR Sec. of State

9040454911

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC   1-800-858-5294

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

┌ 57589662 - 306350
   **CORPORATION SERVICE COMPANY**
   285 LIBERTY ST. SUITE 370
   SALEM, OREGON 97301
                    Filed In: Oregon  (S.O.S.) ┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME  The Ultimate Tan | | | |
|---|---|---|---|
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS  15986 SW Tualatin Sherwood Rd | CITY Sherwood | STATE OR | POSTAL CODE 97140 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION OR | 1g. ORGANIZATIONAL ID #, if any ☒ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | 2b. INDIVIDUAL'S LAST NAME Nass | FIRST NAME Debra | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS  15986 SW Tualatin Sherwood Rd | CITY Sherwood | STATE OR | POSTAL CODE 97140 | COUNTRY USA |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION Individual | 2f. JURISDICTION OF ORGANIZATION OR | 2g. ORGANIZATIONAL ID #, if any ☒ NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME  SUMMIT LEASING, INC. | | | |
|---|---|---|---|
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS  PO BOX 7 | CITY YAKIMA | STATE WA | POSTAL CODE 98907 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
2 Heartland Acclaim LP Tanning Beds  SN:ACLP06662, ACLP06663

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☒ LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA  Ultimate Tan  11859  MS/pb

57589662

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

EXHIBIT 1
Page 24 of 41
EXHIBIT 2
Page 3 of 19

7234945
4/17/2006 2:26:36 PM
OR Sec. of State

9000679207

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
DILIGENZ, INC.    1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌─────────────────────────────────────┐
│ 18889795                             │
│ PREPARED BY:                         │
│                                      │
│ DILIGENZ, INC.                       │
│ 6500 HARBOUR HEIGHTS PKWY, SUITE 400 │
│ MUKILTEO, WA 98275    Filed in: Oregon  (S.O.S.) │
└─────────────────────────────────────┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| THE ULTIMATE TAN | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15986 SW TUALATIN SHERWOOD RD | SHERWOOD | OR | 97140 | USA |

| 1d. TAX ID #  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION COMPANY | 1f. JURISDICTION OF ORGANIZATION OR | 1g. ORGANIZATIONAL ID #, if any  ☒ NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| NASS | DEBRA | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15986 SW TUALATIN SHERWOOD RD | SHERWOOD | OR | 97140 | USA |

| 2d. TAX ID #  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION INDIVIDUAL | 2f. JURISDICTION OF ORGANIZATION OR | 2g. ORGANIZATIONAL ID #, if any  ☒ NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| SUMMIT LEASING, INC. | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 7 | YAKIMA | WA | 98907 | USA |

4. This FINANCING STATEMENT covers the following collateral:
2 HEART-LAND ACCLAIM LP TANNING BEDS    SN:ACLP06662/ ACLP06663

| 5. ALTERNATIVE DESIGNATION (if applicable) | ☒ LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
THE ULTIMATE TAN                                                           18889795

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

EXHIBIT 1
Page 25 of 41
EXHIBIT 2
Page 4 of 19

**STATE OF OREGON**
Corporation Division - UCC
Public Service Building
255 Capitol Street NE, Suite 151
Salem, OR 97310 - 1327
(503) 986-2200 Facsimile (503) 373-1166

## ACKNOWLEDGMENT NOTICE

|  |  |
|---|---|
| File No: | 7234945 |
| File Date: | 04/17/2006 |
| Expiration Date: | 04/17/2011 |
| Entered By: | THEJOH |
| Doc Type: UCC-1 | NEW FILING |

DILIGENZ, INC.
8500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

Your document was filed showing the file number and date listed above. The debtor name(s) and address(es) and secured party of record name(s) and address(es) are listed below.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division. Please refer to the file number listed above.

Note: You can access our records or filing forms through the Internet at the address:
         http://filinginoregon.com

**Secured party of record name(s) and address(es)**

SUMMIT LEASING, INC.
PO BOX 7
YAKIMA, WA 98907

**Debtor name(s) and address(es)**

THE ULTIMATE TAN
15986 SW TUALATIN SHERWOOD RD
SHERWOOD, OR 97140

DEBRA NASS
15986 SW TUALATIN SHERWOOD RD
SHERWOOD, OR 97140

State of Oregon
Amendment 1 Page(s)

||| 9029715509 |||

7531872-2
08/16/07 02:40 PM
OR Sec. of State

**UCC FINANCING STATE**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER (optional)
DILIGENZ, INC.    1-800-858-5294
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

 ⌐ 28366221
  PREPARED BY:
  DILIGENZ, INC.
  6500 HARBOUR HEIGHTS PKWY, SUITE 400
  MUKILTEO, WA 98275 ⌐

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 7531872    2/22/2007 | to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☑ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☑ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME
**THE ULTIMATE TAN**
OR
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME
OR
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| NASS | DEBRA | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
**SUMMIT LEASING, INC.**
OR
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA
THE ULTIMATE TAN 12244 MS/AM/CP                                          28366221

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

#12244

EXHIBIT 1
Page 27 of 41
EXHIBIT 2
Page 6 of 19

**State of Oregon**
Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

**ACKNOWLEDGMENT NOTICE**

CSC DILIGENZ, INC
6500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

File Number: 7531872-2
File Date: 08/16/2007
Exp. Date: 02/22/2012
Entered By: ginspo
Doc Type: UCC
          Amendment Parties
          DebtorAdd

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division. Please refer to the file number listed above.

Note: You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Debtor name(s) and address(es)**

Individual:        NASS, DEBRA
                   15901 SW ORIOLE COURT
                   SHERWOOD, OR 97140

| State of Oregon | 7531872-1 |
|---|---|
| Amendment 2 Page(s) | 03/13/07 02:27 PM |
| | OR Sec. of State |

9028246407

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
DILIGENZ, INC.    1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

25007728
PREPARED BY:

DILIGENZ, INC.
6500 HARBOUR HEIGHTS PKWY, SUITE 400
MUKILTEO, WA 98275

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
7531872-1 03/13/2007

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

**6a. ORGANIZATION'S NAME**
THE ULTIMATE TAN

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

**7a. ORGANIZATION'S NAME**

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.
PER ATTACHED SCHEDULE I

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

**9a. ORGANIZATION'S NAME**
SUMMIT LEASING, INC.

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**
ULTIMATE TAN                                                        25007728

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

EXHIBIT
EXHIBIT 2    Page 29 of 41
Page 8 of 19

## State of Oregon
### Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

### ACKNOWLEDGMENT NOTICE

DILIGENZ
6500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

**File Number:** 7531872-1
**File Date:** 03/13/2007
**Exp. Date:** 02/22/2012
**Entered By:** robcon
**Doc Type:** UCC
Amendment Collateral
CollateralRestate

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division.  Please refer to the file number listed above.

Note:  You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

## SCHEDULE "1"

**LESSEE:  Debra Nass**
**D/B/A THE ULTIMATE TAN**

**LEASE NUMBER:  12244**

| QTY | DESCRIPTION |
|-----|-------------|

**SERIAL NUMBERS FORTHCOMING**

| | |
|---|---|
| **(1)  PANEL BOOSTER 200- AMP 208 TO 235V** | |
| **(1)  PANEL BOOSTER 200- AMP 208 TO 235V** | |
| **(1)  FUTURE INDUSTRIES ELIXIR** | **SN:E403-0091** |
| **(1)  ERGOLINE CLASSIC 600** | **SN:9000800682000596** |
| **(1)  SUNDASH RADIUS 252** | **SN:1057** |
| **(1)  T-MAX PRO MANAGER** | |
| **(1)  MODEL MATRIX L33** | **SN: 1830377** |
| **(1)  MODEL MATRIX  L33** | **SN: 1830378** |
| **(1)  MAGIC TAN MT 3000** | **SN: 3001** |

| | |
|---|---|
| **MYSTIC SPRAY BOOTH** | **SN:TBU-12083** |
| **SUNDASH RADIUS 252** | **SN 627** |
| **2 ERGOLINE CLASSIC 600** | **SN 693, 438** |
| **ERGOLINE CLASSIC 650** | **SN 593** |
| **TAN AMERICA VIP 32** | **SN A-1023** |

**Initials _____**

Attachment to Lease Agreement No. 12244 :MS/am
Summit Leasing, Inc., P.O. Box 7, Yakima, WA 98907

Page 1 of 1

State of Oregon
Initial Filing 2 Page(s)

9028089607

7531872
02/22/07 02:00 PM
OR Sec. of State

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

DILIGENZ, INC.   1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

24637293
PREPARED BY:

DILIGENZ, INC.
6500 HARBOUR HEIGHTS PKWY, SUITE 400
MUKILTEO, WA 98275

Filed In: Oregon (S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| THE ULTIMATE TAN | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | SOLE PROPRIET | OR | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| SUMMIT LEASING, INC. | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| PO BOX 7 | YAKIMA | WA | 98907 | USA |

4. This FINANCING STATEMENT covers the following collateral:

PER ATTACHED SCHEDULE 1

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☒ LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2

8. OPTIONAL FILER REFERENCE DATA

THE ULTIMATE TAN 12244                                           24637293

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

## State of Oregon
### Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

### ACKNOWLEDGMENT NOTICE

DILIGENZ
6500 HARBOUR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275

File Number: 7531872
File Date: 02/22/2007
Exp. Date: 02/22/2012
Entered By: robcon
Doc Type: UCC
New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division. Please refer to the file number listed above.

Note: You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Secured party of record name(s) and address(es)**

Organization:    SUMMIT LEASING, INC.
PO BOX 7
YAKIMA, WA 98907

**Debtor name(s) and address(es)**

Organization:    THE ULTIMATE TAN
15901 SW ORIOLE COURT
SHERWOOD, OR 97140

**State of Oregon**

Corporation Division - UCC

Public Service Building - 255 Capitol Street NE, Suite 151

Salem, OR 97310-1327

(503) 986-2200 Facsimile (503) 373-1166

**ACKNOWLEDGMENT NOTICE**

CSC DILIGENZ, INC                           **File Number:** 8157520
6500 HARBOUR HEIGHTS PKWY STE 400              **File Date:** 12/19/2008
MUKILTEO, WA 98275                              **Exp. Date:** 12/19/2013
                                              **Entered By:** robcon
                                               **Doc Type:** UCC
                                                        New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation
Division.  Please refer to the file number listed above.

Note:  You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Secured party of record name(s) and address(es)**

Organization:    SUMMIT LEASING, INC.
                 PO BOX 7
                 YAKIMA, WA 98907

**Debtor name(s) and address(es)**

Individual:     NASS, DEBRA
                14901 SW ORIOLE COURT
                SHERWOOD, OR 97140

Organization:   ULTIMATE TAN (THE)
                2296 GABLE ROAD, SUITE 240
                SAINT HELENS, OR 97051

State of Oregon
Initial Filing 1 Page(s)

8157520
12/19/08 03:16 PM
OR Sec. of State

9033903009

**UCC FINANCING S**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OP CONTACT AT FILER [optional]
CSC DILIGENZ, INC.    1-800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

39062005

CSC DILIGENZ, INC.
6500 HARBOUR HEIGHTS PKWY, SUITE 400
MUKILTEO, WA 98275

Filed in: Oregon (S.O.S.)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| NASS | DEBRA | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION INDIVIDUAL | 1f. JURISDICTION OF ORGANIZATION OR | 1g. ORGANIZATIONAL ID #, if any ☑NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ULTIMATE TAN (THE) | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2296 GABLE ROAD, SUITE 240 | ST. HELENS | OR | 97051 | USA |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION SOLE | 2f. JURISDICTION OF ORGANIZATION OR | 2g. ORGANIZATIONAL ID #, if any 454814-96 ☐NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| SUMMIT LEASING, INC. | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| PO BOX 7 | YAKIMA | WA | 98907 | USA |

4. This FINANCING STATEMENT covers the following collateral:
DBA THE ULTIMATE TAN
EQUIPMENT LOCATION: 2296 GABLE ROAD, SUITE 240, ST. HELENS, OR:
(1) OPEN SUN S/N: 057853; (1) MYSTIC MT 3000 SPRAY BOOTH S/N: 20031066; (1) SOLTRON SHARK S/N: 798313;
(2) SUNDASH 252 S/N: 798313 & 800809705000363; (2) SOLTRON HOT PEPPER S/N: 772223 & 773146;
(1) DR. MUELLER ONYX S/N: 1964; (1) T-MAX MANAGER PRO

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☑LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
ULTIMATE TAN DBA: 12967  MS/JJ                                        39062005

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

CRAWFORD, DEBRA ANN

OR Sec of State
04/16/2012

8157520-1_5766660

Lien#: 8157520-1

UCC

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
CSC   1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

66089495 - 306350

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 8157520   12/19/2008 | to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS. |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☒ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☒ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| NASS | DEBRA | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| CRAWFORD | DEBRA | ANN | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION INDIVIDUAL | 7f. JURISDICTION OF ORGANIZATION OR | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☒ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| SUMMIT LEASING, INC. | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
ULTIMATE TAN DBA  12967 MS/JJ/PB                                    66089495

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

OR. Sec of State
04/16/2012

|||||||||||| 8157520-3_5766662

Lien#: 8157520-3

UCC

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
CSC   1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

┌ 66090174 - 306350

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301

└

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| **1a. INITIAL FINANCING STATEMENT FILE #** | **1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 8157520   12/19/2008 | |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| **6a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|
| OR **6b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| NASS | DEBRA | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| **7a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|
| OR **7b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| | | | |
| **7c. MAILING ADDRESS** | **CITY** | **STATE** **POSTAL CODE** | **COUNTRY** |
| | | | |
| **7d. SEE INSTRUCTIONS** | **ADD'L INFO RE** **ORGANIZATION** **DEBTOR** | **7e. TYPE OF ORGANIZATION** | **7f. JURISDICTION OF ORGANIZATION** | **7g. ORGANIZATIONAL ID #, if any** ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☒ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.
AMEND TO ADD EQUIPMENT PER ATTACHED SCHEDULE

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| **9a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|
| SUMMIT LEASING, INC. | | | |
| OR **9b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**
ULTIMATE TAN  DBA  14081  MS/JJ/PB                    66090174

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## SCHEDULE "1"

LESSEE:  Debra Nass
D/B/A THE ULTIMATE TAN

LEASE NUMBER:  12244

| QTY | DESCRIPTION | |
|-----|-------------|---|

SERIAL NUMBERS FORTHCOMING

| | | |
|---|---|---|
| (1)  PANEL BOOSTER 200- AMP 208 TO 235V | | |
| (1)  PANEL BOOSTER 200- AMP 208 TO 235V | | |
| (1)  FUTURE INDUSTRIES ELIXIR | SN:E403-0091 | |
| (1)  ERGOLINE CLASSIC 600 | SN:9000800682000596 | |
| (1)  SUNDASH RADIUS 252 | SN:1057 | |
| (1)  T-MAX PRO MANAGER | | |
| (1)  MODEL MATRIX L33 | SN: 1830377 | |
| (1)  MODEL MATRIX  L33 | SN: 1830378 | |
| (1)  MAGIC TAN MT 3000 | SN: 3001 | |
| | | |
| MYSTIC SPRAY BOOTH | SN:TBU-12083 | |
| SUNDASH RADIUS 252 | SN 627 | |
| 2 ERGOLINE CLASSIC 600 | SN 693, 438 | |
| ERGOLINE CLASSIC 650 | SN 593 | |
| TAN AMERICA VIP 32 | SN A-1023 | |

Initials _____

Attachment to Lease Agreement No. 12244 ;MS/am
Summit Leasing, Inc., P.O. Box 7, Yakima, WA 98907                                    Page 1 of 1

EXHIBIT 1
Page 38 of 41
EXHIBIT 2
Page 17 of 19

Case 15-31963-pcm13    Doc 31    Filed 05/11/15

THE ULTIMATE TAN & M

OR Sec of State
04/16/2012

Lien#: 8157520-2

8157520-2_5766661

UCC

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
CSC   1-800-858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

66089796 - 306350

Corporation Service Company
285 Liberty St. NE
Salem, OR 97301

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 8157520    12/19/2008 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☒ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☒ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| NASS | DEBRA | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| THE ULTIMATE TAN & MED SPA, LLC | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15901 SW ORIOLE COURT | SHERWOOD | OR | 97140 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION LLC | 7f. JURISDICTION OF ORGANIZATION OR | 7g. ORGANIZATIONAL ID #, if any 65859390 | ☐ NONE |
|---|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| SUMMIT LEASING, INC. | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
ULTIMATE TAN DBA   14081 MS/JJ/PB

66089796

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## UCC

| Contract | Customer | Equipment | Address | Assistant | Expires | State | Stal |
|---|---|---|---|---|---|---|---|
| A12244 | The Ultimate Tan & Med Spa, LLC | Various Tanning Equipment | 20649 SW Roy Rogers Rd Sherwood, OR 97140 | Pam Brooks | 02/22/12 | OR | Rew |
| E14081 | The Ultimate Tan & Med Spa, LLC | Tanning Beds for 3 locations. | 2296 Gable Rd. Suite 240 St. Helens, OR 97051 | Pam Brooks | 12/09/13 | OR | Activ |
| A12967 | The Ultimate Tan & Med Spa, LLC | Tanning Beds | 2296 Gable Rd. Suite 240 St. Helens, OR 97051 | Pam Brooks | 12/19/13 | OR | Rew |
| A11859 | The Ultimate Tan & Med Spa, LLC | (2)  Tanning beds | 15986 SW Tualatin Sherwood Rd. Sherwood, OR 97140 | Pam Brooks | 04/18/16 | OR | Rew |

*ADDED* (handwritten)

*Oldest* (handwritten, next to A12967)

Amd to add equip # 12244 + 12967
Amd to name   Add married name
         Add Company name

# Assignment & Assumption Agreement

FROM:       THE ULTIMATE TAN & MED SPA, LLC

TO:         DEBRA ANN CRAWFORD

In exchange for the agreement of Debra A. Crawford to assume all outstanding debt of The Ultimate Tan & Med Spa, LLC, including all secured loans, unsecured loans, accounts payable, and unpaid wages owed by The Ultimate Tan & Med Spa, LLC (but excepting any tax debt that Debra A. Crawford is not currently responsible for), The Ultimate Tan & Med Spa, LLC hereby assigns to Debra A. Crawford all right, title and interest in all inventory and equipment located at all business locations of The Ultimate Tan & Med Spa, LLC. The Ultimate Tan & Med Spa, LLC also hereby assigns all accounts, outstanding accounts receivable, all inventory and all work in progress located at The Ultimate Tan & Med Spa, LLC to Debra A. Crawford. In addition, The Ultimate Tan & Med Spa, LLA assigns to Debra A. Crawford all leasehold interests for all business locations.

The Ultimate Tan & Med Spa, LLC

_____
Debra A. Crawford by
The Ultimate Tan & Med Spa, LLC

Dated: April 24th, 2014

Debra A. Crawford

_____
Debra A. Crawford

Dated: April 24th, 2014

DISTRICT OF OREGON
**F I L E D**
**October 24, 2014**

**Clerk, U.S. Bankruptcy Court**

Below is a Judgment of the Court.  If the judgment is for
money, the applicable judgment interest rate is: 0.10 percent.

_TRISH M. BROWN_
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| In re<br><br>Debra A. Crawford,<br><br>     Debtor.<br><br>Summit Leasing, Inc.,<br><br>     Plaintiff,<br><br>  v.<br><br>Debra A. Crawford; The Ultimate Tan & Med Spa, LLC; and Rachel Jones Nass,<br><br>     Defendant. | Case No. 14-32580-tmb13<br><br><br>Adversary Proceeding No. 14−03219−tmb<br><br>**STIPULATED JUDGMENT** |

   Debra A. Crawford ("Crawford") and Summit Leasing, Inc. ("Summit Leasing")

hereby stipulate to judgment in favor of Summit Leasing as a resolution to Summit Leasing's

First and Second Claims for relief as set forth in the Complaint.  The Court, having considered

the stipulation of the parties as indicated by their counsel's signature below, finding there is no

just reason for delay, and being fully advised in the premises, it is hereby

   ORDERED AND ADJUDGED:

   1.  Crawford agrees to entry of a judgment in the principal amount of Thirty-One

Thousand Dollars ($31,000.00) against her and in favor of Summit Leasing with interest

accruing at the federal judgment rate (the "Judgment").

_FARLEIGH WADA WITT_
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 2
Page 1 of 3

2.      Crawford and Summit Leasing stipulate and agree that the Judgment is a nondischargeable debt of Crawford's pursuant to 11 U.S.C. §§ 523(a)(2)(A), and 523(a)(6), and shall be entitled to collateral estoppel effect in this and any subsequent bankruptcy case filed by or against Crawford.

3.      Crawford agrees to and shall satisfy the Judgment by commencing payments to Summit Leasing in the amount of $3,300.00 per month with the first payment due thirty (30) days from entry of Crawford's order of discharge in Bankruptcy Case No. 14-32580-tmb13 with additional payments of $3,300.00 due on the same day each month thereafter until the balance of the Judgment is paid in full.

4.      Summit Leasing shall retain its security interests in the equipment it financed for Crawford and any additional equipment pledged as security to secure amounts due under the Judgment and Summit Leasing shall not be required to release its security interests unless and until the Judgment is paid in full.

5.      If Crawford fails to timely make any monthly payment when due, Summit Leasing shall be authorized to enforce the judgment by any means provided by law.

6.      Crawford and Summit Leasing hereby acknowledge and agree that they have read this Judgment in its entirety, that they fully understand its content and effect, and that they agree to entry of the same.  There are no representations, covenants, warranties, promises, agreements, conditions, or undertakings, oral or written, between Crawford and Summit Leasing other than as set forth herein.  Crawford and Summit Leasing each acknowledge that they have not relied upon any inducements or representations on the part of the other party, or any agent acting on behalf of the other party, in entering into this Judgment.

/ / /

/ / /

/ / /

/ / /

**Page 2 of 3- Stipulated Judgment**
P:\DOCS\SUMLI\07487\PLDG\3K45834.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 2
Page 2 of 3

Case 15-31963-pcm13    Doc 31    Filed 05/11/15

# # #

**IT IS SO STIPULATED:**

FARLEIGH WADA WITT                    MUIR & TROUTMAN


By: /s/ Jason M. Ayres                    By: /s/ Ted A. Troutman
    Jason M. Ayres, OSB #001966            Ted A. Troutman, OSB #844470
    Attorney for Plaintiff                Attorney for Debra A. Crawford


**PRESENTED BY:**

FARLEIGH WADA WITT


By:/s/ Jason M. Ayres
    Jason M. Ayres, OSB #001966
    Attorney for Plaintiff

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

EXHIBIT 2
Page 3 of 3

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) |
| | ) Case No. 14-32580-TMB13 |
| DEBRA A CRAWFORD | ) |
| | ) TRUSTEE MOTION TO DISMISS |
| | ) FOR MISSED PLAN PAYMENTS; |
| | ) AND ORDER AND NOTICE THEREON |
| Debtor(s). | ) |
| | ) |

       Wayne Godare, Chapter 13 Bankruptcy Trustee ("Trustee"), represents that the last payment by the debtor(s) was made on **October 23, 2014** and that the debtor(s) are **$6,600.00 (through December)** in default under the terms of the current plan.  Accordingly, Trustee requests an Order dismissing the case without further notice or hearing unless the debtor(s) BOTH**:**

    1.      Submit a Wage Deduction Order to the court for signature, with a copy to Trustee, within twenty-eight (28) days of the date below unless the debtor(s) is self employed, **AND**

    2.      EITHER**:** (i) bring the Plan payments completely current, **OR** (ii) enter into an Order Resolving Trustee Motion to Dismiss approved by Trustee.

If the debtor(s) fail to comply with the requirements set out in points 1 and 2, dismissal is appropriate for the following reasons: (A) unreasonable delay that is prejudicial to creditors under 11 U.S.C. § 1307(c)(1); and (B) material default under the terms of the plan under 11 U.S.C § 1307 (c)(6).

**DATED: January 16, 2015**                   /s/  Wayne Godare
                                       Chapter 13 Trustee

**IT IS ORDERED AND NOTICE IS GIVEN THAT**, within twenty-eight (28) days of the date above, the debtor(s) must EITHER:

    1.      The debtor(s) must BOTH:

          i.      Submit a Wage Deduction Order to the court for signature, with a copy to Trustee, unless the debtor(s) is self-employed, **AND**

          ii.      EITHER**:** (a) bring the Plan payments completely current (default amount above PLUS the January payment), **OR** (b) enter into an Order Resolving Trustee Motion to Dismiss approved by Trustee; **OR**

    2.      File a written request for hearing using Local Form (LBF) #1366.3, SETTING FORTH THE SPECIFIC GROUNDS THEREFORE, AND serve a copy upon Trustee.

If the debtor(s) fail to comply with the requirements set out in either points 1 or 2, the court will enter an Order dismissing the case without further notice or hearing upon the filing by Trustee of a statement that the debtor(s) failed to comply.

### 

EXHIBIT 3
Page 1 of 1

Case 15-31963-pcm13    Doc 31    Filed 05/11/15

# CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2015, I electronically filed the foregoing **OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- CHRISTOPHER N COYLE    vbcattorney4@yahoo.com, chris@vbcattorneys.com
- Wayne Godare    c0urtmai1@portland13.com, c0urtmai1@portland13ct.com
- TED A TROUTMAN    tedtroutman@gmail.com, rusty@muir-troutman.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Debra A. Crawford
15901 SW Oriole Ct.
Sherwood, OR  97140

FARLEIGH WADA WITT


By: /s/ Jason M. Ayres
    Jason M. Ayres, OSB #001966
    (503) 228-6044
    jayres@fwwlaw.com
    Attorneys for Summit Leasing, Inc.

Page  1 – CERTIFICATE OF SERVICE

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741