Jason M. Ayres, OSB #001966
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044

Attorneys for Summit Leasing, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

Debra A. Crawford,

          Debtor.

Case No. 15-31963-pcm13

WITHDRAWAL OF OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

Summit Leasing, Inc. ("Summit Leasing") hereby withdraws its objection to the Debtor's Motion to Extend the Automatic Stay contingent upon entry of the Stipulated Order Conditioning Relief from Stay as attached hereto as Exhibit 1.

Dated: May 19, 2015

FARLEIGH WADA WITT


By: /s / Jason M. Ayres
    Jason M. Ayres, OSB #001966
    (503) 228-6044
    jayres@fwwlaw.com
    Of Attorneys for Summit Leasing, Inc.

Page 1 of 1 - WITHDRAWAL OF OBJECTION BY SUMMIT LEASING, INC. TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY
P:\DOCS\SUMLI\07487\DOC\3M00271.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 15-31963-pcm13    Doc 46    Filed 05/19/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    ) Case No._____
                                         )
                                         ) ORDER, DRAFTED ON:_____,
                                         ) RE: RELIEF FROM (Check ALL that apply):
                                         )     DEBTOR STAY     CODEBTOR STAY
                                         ) CREDITOR:_____
Debtor(s)                                ) CODEBTOR:_____

    The undersigned, _____, whose address is _____
_____, Email address is _____,
Phone No. is _____, and any OSB # is _____, presents this Order based upon:

    The completed Stipulation of the parties located at the end of this document.

    The oral stipulation of the parties at the hearing held on _____.

    The ruling of the court at the hearing held on _____.

    Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

    Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on _____ and served on _____.

    **IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

Personal property described as (e.g., 2001 Ford Taurus):



Real property located at (i.e., street address):



[Optional UNLESS In Rem Relief Granted] Exhibit A attached hereto is the legal description of the property.

720.90 (12/1/10)    **Page 1 of 3**

EXHIBIT 1
Page 1 of 5

Case 15-31963-pcm13    Doc 46    Filed 05/19/15

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

1. **Regular Payment Requirements**.

   a. Debtor(s) shall deliver regular monthly payments in the amount of $_____ commencing _____ to Creditor at the following address:

   b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control. Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

   c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

2. **Cure Payment Requirements**. Debtor(s) shall cure the post-petition default of $_____ consisting of

   (e.g., $_____ in payments and $_____ in late charges for April - June, 2002), as follows:

   a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

   b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

   c. Other (describe):

3. **Insurance Requirement(s)**. Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

   On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

   a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing.

   b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

   c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

   d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

   e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   f. Creditor is granted relief from stay to _____
   _____.

   g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ☐ Debtor(s) and ☐ Attorney for Debtor(s) that gives Debtor(s) ____ calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.

    b. The notice of default may require Debtor(s) to pay $_____ for the fees and costs of sending the notice.

    c. Only ____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

7. **Miscellaneous Provisions**.

    a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.

    b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

9. Other:

**PRESENTED, AND CERTIFIED, BY:**   ###

_____

IT IS SO STIPULATED:

| Creditor's Attorney: | Debtor(s)'s Attorney: |
|---|---|
| _____ | _____ |
| Name: _____ | Name: _____ |
| OSB#: _____ | OSB#: _____ |
| NO OBJECTION TO ORDER BY CASE TRUSTEE: | Codebtor's Attorney: |
| By:_____ | _____ |
|  | Name: _____ |
|  | OSB#: _____ |

720.90 (12/1/10)    **Page 3 of 3**

# Exhibit 1
## Equipment List

| Item Number | Equipment | Serial Number |
|---|---|---|
| 1 | T-Max Manager Pro | |
| 2 | T-Max Manager Pro | |
| 3 | Panel Booster 200A | |
| 4 | Panel Booster 200A | |
| 5 | Sundash Radius 252 | 1057 |
| 6 | Sundash Radius 252 | 798313 |
| 7 | Sundash Radius 252 | 363 |
| 8 | Sundash Radius 252 | 627 |
| 9 | Ergoline Classic 600 | 596 |
| 10 | Ergoline Classic 600 | 693 |
| 11 | Ergoline Classic 600 | 438 |
| 12 | Elizir | E403-0091 |
| 13 | Matrix L33 | 1830378 |
| 14 | Matrix L33 | 1830377 |
| 15 | Magic Tan MT 3000 Spray Booth | 3001 |
| 16 | Dr. Muller Onyx | 1964 |
| 17 | Mystic MT 3000 | 20031066 |
| 18 | Mystic MT 3000 | TBU-12083 |
| 19 | Soltron Shark | 798313 |
| 20 | Soltron Hot Pepper | 772223 |
| 21 | Soltron Hot Pepper | 773146 |
| 22 | Open Sun 1050 | 57853 |
| 23 | Heartland Acclaim | 6663 |
| 24 | Heartland Acclaim | 6662 |
| 25 | Tan America VIP | 1023 |
| 26 | Ergoline 650 | 593/785 |

Exhibit 2

Upon default of any of the conditions set forth below, Summit Leasing, Inc. may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Summit Leasing, Inc. to foreclose on, and obtain possession of, all of the Equipment listed on the attached Exhibit 1 to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing. The Debtor acknowledges that an Order Granting Relief from Stay shall additionally include all Equipment in which Summit Leasing, Inc. has an interest which is currently located at the Debtor's former business location at 2298 Gable Rd # 240, St Helens, OR 97051 or any other location if the Equipment is removed or transferred.

(1) Debtor fails to make the full amount of any plan payment when due;

(2) Debtor fails to maintain appropriate insurance for all of the Equipment listed on the attached Exhibit 1 other than items 6, 8, 9, 11 and 12;

(3) Debtor transfers, sells or removes any Equipment on the attached Exhibit 1 from any business location without notice and consent of Summit Leasing, Inc.;

(4) Debtor fails to account for the location of any Equipment on the attached Exhibit 1;

(5) Debtor fails or refuses to cooperate and allow an inspection by Summit Leasing, Inc. of any of the Equipment on the attached Exhibit 1 within fourteen (14) days of the entry of this Order;

(6) Debtor fails to transfer the following Equipment to a business location operated by the Debtor within fourteen (14) days of the entry of this Order: Matrix L33 S/N 1830378, Mystic MT 3000 S/N TBU-12083 and Heartland Acclaim S/N 6662; and

(7) Debtor fails to confirm a Chapter 13 Plan of reorganization which incorporates the following terms:

   (a) Plan values the remaining Equipment on Exhibit 1 at $68,650 with interest at 6% and monthly payments of no less than $2,500 per month.

   (b) Debtor agrees to surrender to Summit Leasing, Inc. items 6, 8, 9, 11 and 12 on Exhibit 1 and authorizes Summit Leasing, Inc. to sell or otherwise dispose of the Equipment without further notice. Summit Leasing will be entitled to all proceeds derived from the sale of the Equipment, without the necessity of providing an accounting to debtor.

   (c) Debtor will enter into a stipulated judgment of nondischargeability with Summit Leasing, Inc. for the sum of $41,000. The debt will be secured by all of Debtor's equipment. Debtor will repay the judgment after the discharge of this bankruptcy case, at the rate of $3,300 per month until paid in full.

EXHIBIT 1
Page 5 of 5

Case 15-31963-pcm13    Doc 46    Filed 05/19/15

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2015, I electronically filed the foregoing **WITHDRAWAL OF OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- CHRISTOPHER N COYLE   vbcattorney4@yahoo.com, chris@vbcattorneys.com
- Wayne Godare   c0urtmai1@portland13.com, c0urtmai1@portland13ct.com
- TED A TROUTMAN   tedtroutman@gmail.com, rusty@muir-troutman.com
- US Trustee, Portland   USTPRegion18.PL.ECF@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Debra A. Crawford
15901 SW Oriole Ct.
Sherwood, OR  97140

FARLEIGH WADA WITT

By: /s/ Jason M. Ayres
    Jason M. Ayres, OSB #001966
    (503) 228-6044
    jayres@fwwlaw.com
    Attorneys for Summit Leasing, Inc.

Page  1 – CERTIFICATE OF SERVICE

P:\DOCS\SUMLI\07487\PLDG\3M00379.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741