UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re    ) Case No. _____
         )
         ) [NOTE: **Only use if filing 14 or more days before a hearing**]
         )
         )
         ) NOTICE OF *PRE*-CONFIRMATION
         ) AMENDMENT OF PLAN AND
Debtor(s) ) CONFIRMATION HEARING

The proponent, who is the _____, [i.e., debtor; trustee; or creditor (also state type of claim and any business name)] and whose name and address are_____
_____,
by and through the undersigned, certifies that:

1. An original amended plan dated _____ was attached to the original of this Notice and has been filed with the Clerk of Court.

2. A **Confirmation Hearing** regarding the amended plan, at which testimony will be received if offered and admissible, will be held: [**Instructions to filer:** *If a confirmation hearing is scheduled, insert the information for that hearing; do not obtain a new date! If no confirmation hearing is currently scheduled, contact the calendar clerk to obtain a hearing date and time before completing this notice. If a telephone hearing is scheduled, mark the Access Code box for the hearing judge.*]

   **Date:**_____   **Time:**_____

   **Location**:  ☐ Courtroom #_____, _____

   ☐ Telephone Hearing  [**NOTE**: See LBF #888, Telephone Hearing Requirements]
   **Call In Number:**     (888) 684-8852
   **Access Code:**        ☐ 8622907 for Judge Frank R. Alley (fra)
                           ☐ 4950985 for Judge Trish M. Brown (tmb)
                           ☐ 5870400 for Judge Randall L. Dunn (rld)
                           ☐ 1238244 for Judge Peter C. McKittrick (pcm)
                           ☐ 3388495 for Judge Thomas M. Renn (tmr)

3. A separate summary of the amendments has been served on the trustee along with a copy of the amended plan and any modified budget or other pertinent information.

4. On _____ copies of this Notice, Local Form #888 if a Telephone Hearing will be held and if this Notice is served on paper, and the amended plan described above were served on the debtor(s) and any debtor's attorney; trustee (with the attachments required in pt. 3); and all creditors.

Date: _____   _____
                    Signature, Relation to Proponent, **AND** Proponent's Contact Phone #

                    _____
                    (If debtor is proponent) Debtor's Address (unless shown above) **&** Taxpayer ID#(s) (last 4 digits)

NOTICE IS GIVEN THAT any creditor who has any objection to any provision of the amended plan must personally appear at the confirmation hearing and present such objections to the court, or file detailed written objections with the court at least 3 business days before that hearing. Filing of a proof of claim rejecting the plan or a motion for relief from the automatic stay will not be considered as an objection to confirmation.

CLERK, U.S. BANKRUPTCY COURT

1355.05 (1/12/15)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
) Case No. _____
) (NOTE: If blank, Case No. will be on the Meeting of Creditors Notice)
)
) **CHAPTER 13 PLAN DATED** _____; **AND**
) ☐ **MOTION TO VALUE COLLATERAL (See Paragraph 2(b)(1) and (2) below)**;
) ☐ **MOTION TO AVOID LIENS (See Paragraph 6 below)**
) ☐ **THIS PLAN SETS OUT NONSTANDARD PROVISIONS BEGINNING WITH**
Debtor(s) ) **PARAGRAPH 10**

**NOTICE TO INTERESTED PARTIES: Your rights may be affected. Your claim may be modified or eliminated**. **You should read these papers carefully and discuss them with your attorney. If you do not have one, you may wish to consult one.**

*If you oppose the Plan* treatment of your claim or any provision of this Plan, you must file an objection to confirmation (or one must be filed on your behalf) within fourteen days after the conclusion of the meeting of creditors, unless otherwise ordered by the Bankruptcy Court. See Local Bankruptcy Rule 3015-3(c). **Failure of a creditor to file a written objection to the plan shall constitute acceptance of the plan and the Bankruptcy Court may confirm the plan without further notice**. If there are any additional plan provisions or provisions that alter the language of paragraphs 1-9, they shall be outlined in paragraphs 10+ below.

1. The debtor shall pay to the trustee:

   (a) a monthly payment of $_____;

   (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee;

   (c) upon receipt by the debtor, all tax refunds attributable to prepetition tax years and, upon receipt by the debtor, net tax refunds (i.e., tax refunds not otherwise provided for in the plan, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) attributable to postpetition tax years during the: ☐ 36 months or ☐ 60 months from the date the first plan payment is due (note: refunds for the first three years of the plan are due in cases with 36 month commitment periods; refunds for all five years are due in cases with 60 month commitment periods);

   (d) a lump sum payment of $_____ on or before _____ (date); and

   (e) _____.

   Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued immediately.

2. The trustee shall disburse all funds received pursuant to paragraph 1 as follows:

   (a) First, to the trustee's percentage fee and expenses.

   (b) Second, to secured creditors as provided in (1) and (2) below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. The terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the order confirming plan. Secured creditors shall retain their liens until payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1328(a), at which time the lien shall terminate and be released by the creditor.

   (1) **Cure of Default and Claim Modification**. The debtor will cure the default and maintain the contractual installment payments (as provided in paragraph 4) on the secured claims listed below in the "Estimated Arrearage if Curing" column. The amount listed in this column is an estimate; the creditor's timely filed and allowed claim shall control. Claims provided for in the "Collateral Value if Not Paying in Full" column are allowed secured claims only to the extent of the value indicated, and pursuant to §506(a), the debtor MOVES the court for an order fixing the value of the collateral in the amount stated below. Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral shall be limited to the amount listed below, and that amount will be paid under

the plan with interest at the rate stated below.

For claims provided for in the "Estimated Secured Claim if Paying Secured Claim in Full" column, including full payment of "910 claims" not subject to 11 U.S.C. §506 pursuant to the hanging paragraph of 11 U.S.C. §1325(a)(9), the creditor will receive (a) the Amount of Secured Claim set forth in box 4 of the creditor's timely proof of claim or (b) if the claim is a "910 claim," the Amount of Claim as of Date Case Filed set forth in box 1 of the creditor's timely proof of claim, even if the Amount of Claim as of Date Case Filed exceeds the Amount of Secured Claim.

For all creditors provided for under this subparagraph, if the creditor's claim will not be paid in full, the portion of the creditor's claim that exceeds the amount of the allowed secured claim shall be treated as an unsecured claim under paragraph 2(e) (if the claim identifies the priority position of the claim) and 2(f) below.

*Instruction to debtor(s)*: Use **only one** of the following columns for each creditor: "Estimated Arrearage if Curing," **or** "Collateral Value if Not Paying in Full," **or** "Estimated Secured Claim if Paying Secured Claim in Full." All other columns must be completed.

| Creditor | Collateral | Estimated Arrearage if Curing | **OR** Collateral Value if Not Paying in Full | **OR** Estimated Secured Claim if Paying Secured Claim in Full | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**(2) Secured Claim Modification Not Expressly Authorized by the Code.** This subparagraph may include, but is not limited to, modification of a claim secured by a purchase money security interest in either (1) a motor vehicle acquired for personal use by the debtor within 910 days before the bankruptcy filing date, or (2) any other personal property collateral acquired within one year before the bankruptcy filing. Secured claims provided for in this subparagraph shall be limited to the amount indicated in the "Amount of Claim as Modified (Value of Collateral)" column. The debtor MOVES the court for an order fixing the value of the collateral in the amount stated below.

**DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW ACCEPT, EITHER EXPRESSLY OR IMPLIEDLY, THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S). FAILURE OF A CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN**.

| Creditor | Collateral | Amount of Claim as Modified (Value of Collateral) | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation. If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors. Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim. Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no

# Exhibit A to Chapter 13 Plan Dated 06/03/15

Crawford, Debra A.
15-31963-pcm13

| Creditor | Collateral | Estimated Arrearage If Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-confirmation Interest Rate | Equal Monthly Payments |
|---|---|---|---|---|---|---|
| Atty General/IRS | All personal property | N/A | N/A | $34,570 | 3% | AAFA* Summit Leasing #1 |
| CitiMortgage, Inc. | Personal Residence | $22,625 | N/A | N/A | 0% | $200 x 24, $650 thereafter |
| Summit Leasing #1 | 2 Heartland tanning Beds & all business Equipment | N/A | $18,650 | N/A | 6% | AAFA* Washington Co. |
| Summit Leasing #2 | 2 Heartland tanning Beds & all business Equipment (same claim) | N/A | $50,000 | N/A | 6% | $2,500 |
| Washington County Tax | All business property | N/A | N/A | $8,040 | 16% | AAFA* Attorney Fees |

AAFA* = All Avail funds After

interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) Attorney Compensation: Original attorney fees and expenses are $_____, of which $_____ remains unpaid. If debtor has agreed to an estimated rather than a fixed fee, upon application, the court in its sole discretion may award not more than $500 in addition to the above amount without further notice. Attorney fees are to be paid either:   ☐ From all available funds after paragraph 2(b) payments are made; **or**
☐ Other _____ .

(5) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered. If the debtor does not have possession of the collateral, this should be indicated below):

(c) Third, pro rata until fully paid, allowed unsecured domestic support obligations under §507(a)(1).

(d) Fourth, allowed administrative expenses under §507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1). These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**].

   (1) The creditors will receive approximately _____ % of their claims. Payment of any dividend will depend upon the amount of allowed secured claims, the amount of allowed priority claims (including costs of administration and the debtor's attorney's fees), and the total amount of allowed, nonpriority unsecured claims.
   (2) The creditors will receive a minimum _____% of their claims. This percentage will not be reduced regardless of the amount of total creditors' claims filed.

(g) Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $_____, and not less than that amount shall be distributed to unsecured priority and, pro rata, non-priority creditors with timely filed and allowed claims. The total amount of allowed priority claims will reduce the amount distributed to unsecured, non-priority creditors.

(h) Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of _____% from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under paragraph 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due post-petition on these claims in accordance with the terms of their respective contracts, list any pre-petition arrearages in paragraph 2(b)(1) and/or specify any other treatment of such secured creditor(s) in an additional paragraph at the end of this plan:

1300.14 (6/1/15)                                    Page 3 of 4                            **[Note: Printed text may not be stricken.]**

Case 15-31963-pcm13    Doc 68    Filed 06/03/15

5. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. The debtor MOVES, pursuant to §522(f)(1), to avoid the judicial liens and/or non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor:

   Absent objection from a creditor, the order of confirmation will avoid its lien and its claim will be treated in paragraph 2(f).

7. The applicable commitment period of this plan is ☐36 or ☐60 months. Debtor(s) shall make plan payments for the length of the commitment period unless the debtor(s) first pay 100% of all allowed claims with appropriate interest. If the commitment period is 36 months, the plan payments may continue for a longer period, not to exceed 60 months, as necessary to complete required payments to creditors. The approximate length of the plan is _____ months; cause to extend longer than 36 months is as follows:

8. This plan may be altered post-confirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

9. Debtor Certification. Debtor(s) certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law. Debtor(s) further certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

**ADDITIONAL NONSTANDARD PROVISIONS** (separately number below or on attachment(s), beginning with 10)

_____ _____
DEBTOR                       DEBTOR

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 2(b)(1)** (under the "Collateral Value if Not Paying in Full" column), **2(b)(2)** (under the "Amount of Claim as Modified" column), **3,** and **6** (see FRBP 3012, 4003(d), and 9014, and LBR 6006-1(b)). I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows:

a) For creditors/parties who are **not** Insured Depository Institutions (served by court) (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, OR, on (insert date) _____, I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows (list each creditor/party, the person or entity the creditor/party was served through, and the address):

b) For Insured Depository Institutions (see FRBP 7004(h)), on (insert date)_____, I served the above-documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows (list each insured depository institution, the person or entity the institution was served through, and the address):

_____
DEBTOR OR DEBTOR'S ATTORNEY

# Exhibit B to Chapter 13 Plan Dated 06-03-15

Crawford, Debra A.
15-31963-pcm13

10. Notwithstanding the provisions of Paragraph 1(c) of this Plan, debtor shall not be required to pay any Earned Income Credit funds to the trustee during the life of the Plan.

11. Debtor shall provide to the Trustee copies of quarterly IRS Form 1040ES, 941, along with proof of payment. Copies shall be submitted to the Trustee within 30 days of filing with the IRS. During the life of the Plan, debtor shall timely file all required tax returns and provide copies along with proof of payment to the Trustee not later than June 1st of each year. Should debtor fail to provide said proof to the Trustee, the Chapter 13 case may be immediately dismissed upon the filing of a statement of failure to comply by the Trustee.

12. Debtor will enter into a stipulated judgment of non-dischargeability with Summit Leasing for $41,000. The debt will be secured by all of debtor's equipment. Debtor will repay the judgment after the discharge of this bankruptcy case, at the rate of $3,300 per month until paid in full.

13. Debtor will return to Summit Leasing the following equipment: two (2) Sundash Radius 252's with Serial No.'s 798313 and 627; two (2) Ergoline Classic 600's with Serial No.'s 596 and 438; one (1) Elizir with the Serial No. E403-0091. Summit Leasing may sell or otherwise dispose of the equipment without further notice. Summit Leasing will be entitled to all proceeds derived from the sale of the equipment, without the necessity of providing an accounting to debtor.

14. Debtor has a potential claim against her deceased husband's brother, as listed on Schedule 'B', line 21. If debtor receives any funds from this potential claim, all funds will be paid to the trustee within 30 days of receipt. Debtor shall annually provide a report to the trustee regarding the status of this claim and progress of any settlement. Annual reports shall be in writing and delivered to the trustee not later than April 1st of each calendar year during the life of the Plan, or until such time that a settlement is completed or debtor determines that she will no longer pursue the possible claim. Debtor shall immediately provide a written statement to the trustee if the claim is settled, or closed, and provide a detailed accounting of any proceeds received.

# Exhibit C to Chapter 13 Plan Dated 06-03-15

Crawford, Debra A.
15-31963-pcm13

**Creditors served via Matrix Listing:**

Aluli Real Estate Holdings, LLC, C/o CT Corporation System, RA, 388 State St., Ste 420, Salem, OR 97301

American Express Company, c/o Kenneth I. Chenault, CEO, 200 Vesey Street, New York, NY 10285

Asset Systems, Inc. c/o Michael G. Schindler, RA, 4520 SE Belmont St., Ste 280, Portland, OR 97215

Attorney General of the United States, c/o Loretta Lynch, Dept. of Justice, 10th & Constitution NW, Washington, DC 20530

CitiMortgage, Inc., c/o CT Corporation System, RA, 388 State Street, Ste 420, Salem, OR 97301

Columbia Collection Service, Inc., c/o Randall Welch, RA, 10888 SE Main St Ste 200, Milwaukie, OR 97222

Hillsboro Partners, LLC, c/o Mark Handris, 1980 Willamette Falls Drive, Ste. 200, West Linn, OR 97068

Internal Revenue Service, Centralized Insolvency Operations, POB 7346, Philadelphia, PA 19101-7346

Metropolitan Agencies, Inc., c/o Kaye Fulmer, RA, 316 N. Johnson, McMinnville, OR 97128

Portland Fixture, LP, c/o PFMGP, Inc., RA, 16390 SW Langer Drive, Sherwood, OR 97140

Quick Collect, Inc., c/o Virginia Riddell, RA, 6308 SE Platt Ave., Portland, OR 97236

Summit Leasing, Inc., PO Box 7, Yakima, WA 98907-0007

Summit Leasing, c/o Jason Ayers – Attorney for Creditor,
121 SW Morrison, STE 600, Portland, OR 97204

Timepayment Corporation, c/o Corporation Service Company, 1127 Broadway Street NE Ste 310, Salem, OR 97301

US Attorney For The District Of Oregon, C/O Amanda Marshall, US Attorney, 1000 SW 3rd Ave, Suite 600, Portland, OR 97204

Washington County Tax & Assessment, c/o Richard Hobernicht, Director, 155 N. 1st Ave., Rm 130, Hillsboro, OR 97124

**Creditors served via Certified Mail**:

Citibank, N.A, C/O Barbara J. Desoer – CEO, 399 Park Avenue, New York, NY 10022